## HERETOFORE WITHHELD FROM PUBLICATION, PENDING RE-HEARINGS GRANTED IN THE SEVERAL CAUSES.

[No. 589.   Decided February 23, 1893.]

### HUBERT C. WARD, *Appellant*, v. EDWARD HUGGINS, *Respondent*.

APPEAL — STATEMENT OF FACTS — POSTPONEMENT OF SETTLEMENT — TAX SALES — ACTION TO RECOVER LANDS — LIMITATION — EVIDENCE — TAX DEEDS — EQUITY.

When a respondent has failed to notify an appellant that he contests the correctness of the statement of facts, as required by Code Proc., § 1422, he cannot have the statement stricken from the record on the ground that it was settled, without further notice to him, on a day subsequent to that named in the notice, where it does not appear that the statement as settled was different from that originally filed, and of which he had notice.

Under Laws 1875, p. 72, § 41, declaring that a tax deed should be presumptive evidence of the regularity of all former proceedings, such deed is admissible in evidence without preliminary proof on the part of the grantee of the prior proceedings under which the deed was issued.

A tax deed which fulfills the express requirements of the statute as to what it shall contain, but also recites enough of the prior proceedings to show the sheriff's authority to sell the land, and the treasurer's authority to make the deed, is neither void nor irregular on its face.

A void tax deed under which the grantee has entered and held possession of the land in controversy constitutes such color of title as will sustain the bar of the statute of limitations provided for actions relating to tax deeds.

In an action at law to recover the possession of land sold for taxes after the purchaser's title has, by force of the statute of limitations, become indefeasible, plaintiff cannot invoke equity on the ground that, at the beginning of the controversy, he offered to pay all back taxes and redeem the land.

(617)

| 7 | 617 |
|---|---|
| 7 | 629 |
| 7 | 639 |
| 32* | 740 |
| 32* | 1015 |
| 36* | 285 |
| 36* | 286 |
| 7 | 617 |
| 9 | 461 |
| 32* | 740 |
| 37* | 710 |
| 7 | 617 |
| s16 | 533 |
| 7 | 617 |
| 23 | 653 |
| 23 | 654 |

Sec. 2939. Code 1881, limiting actions for the recovery of lands sold for taxes to three years from the time of recording the tax deed, has no application to tax sales upon levies made prior to January 1, 1882.

Under the revenue laws of 1875, 1877 and 1879, it was the duty of the county treasurer, and not of the sheriff, to execute deeds in redemption of certificates issued for tax sales prior to the taking effect of the act of 1879, although at the time of the execution of the deed the law may have provided that the sheriff was the proper party therefor.

*Appeal from Superior Court, Pierce County.*

*John M. Boyle,* and *M. Mulligan,* for appellant.
*Judson & Sharpstein,* for respondent.

The opinion of the court was delivered by

ANDERS, J. — The respondent moves the court to strike the statement of facts and the exhibits from the transcript, on the grounds —*First,* Because the same are improperly made a part of the transcript, being originals and not copies as required by law; *second,* because the statement of facts was settled without having given the respondent any notice thereof as required by law; *third,* because said statement is not certified to as required by law.

While the law contemplates that the clerk shall send up to this court a copy of the statement of facts, we do not think that the fact that the original has been embodied in the transcript can work any injury to the respondent, and therefore deny the motion on that ground, as we have heretofore done in similar cases. Nor do we think the motion should be sustained on either of the other grounds stated. The notice of settlement was duly given and served, but at the time fixed by the court for the hearing the judge was absent. On his return two days afterwards he fixed another date for the settlement of the statement, of which respondent appears to have had no notice, and at which time he was not present in person or by his counsel. Neither

is it shown by the record that the hearing was continued
by order of court. And this being so, the respondent's
objection would be valid under many decisions of this court,
if he were in a position to make the objection. It was his
duty to serve a written notice upon the opposite party,
stating whether or not the correctness of the statement of
facts was contested, and if contested, in what particular or
particulars it was deficient, incorrect or incomplete. Code
Proc., § 1422. And having failed to do so, and it not ap-
pearing that the statement as settled was different from
that originally filed, and of which respondent had notice,
he cannot now be heard to urge his objection. The certifi-
cate of the judge states all that the law requires and is,
therefore, sufficient.

The appellant brought this action against the respondent
to recover the possession of certain land in Pierce county.
The respondent, in his answer, denied all of the allegations
of the complaint, and set up as a further defense the sale of
the land on July 24, 1877, for non-payment of taxes for
the year 1876, the delivery of a certificate of purchase
therefor; that said taxes were never paid or the land re-
deemed, and that a deed was delivered to defendant by vir-
tue of said tax sale from the treasurer of Pierce county,
on March 14, 1883, and that plaintiff's action was barred
by § 51 (67) of the act of November 9, 1877, and by
§ 2939 of the Code of 1881. A demurrer to the defense
of the statute of limitations was sustained by the court as
to § 2939 of the Code, but by leave of the court the defend-
ant subsequently amended his answer so as to plead the
statute of limitations, as set forth in said § 2939, by stating
the date when the tax deed was recorded.

At the trial in the superior court the appellant proved
that he purchased the land in controversy in the year 1871,
from one J. W. Brazee, who purchased the same from the
grantee of the United States; but his deed was not placed

of record until some time after the tax deed, under which
the respondent claims, was recorded.

After the appellant had introduced his evidence and
rested his case, the respondent offered in evidence the deed
from the county treasurer of Pierce county, under which he
claims title to the land.    The court admitted the deed in
evidence, over the objection of the plaintiff, without requir-
ing the defendant to first show the regularity of the tax
proceedings under which the deed was issued.    In so do-
ing, the appellant claims, the court committed error.    And
that would be true were it not for the provision of the
statute under which the deed was issued, which declares
that such deeds shall be presumptive evidence of the regu-
larity of all former proceedings.    Laws 1875, p. 72, § 41.
The evident design of the statute was to obviate the neces-
sity, on the part of the grantee, of making preliminary
proof of prior proceedings.    Any other construction of the
statute would render it meaningless and useless.    The com-
mon law rule, which cast upon the claimant under a tax
title the burden of proving that every successive step in the
tax proceedings required by statute had been taken, was
found to work disadvantageously to purchasers at tax sales.
And the difficulty of proving every step in a long course of
proceedings with unvarying certainty, and the strong prob-
ability that some irregularity or slight omission in the pro-
ceedings could be found to defeat the title, had a strong
tendency not only to deter persons from purchasing at such
sales, but to make owners of property negligent in the pay-
ment of their taxes.    A tax title was proverbially no title,
and tax sales, though sanctioned by law, were little less
than farcical.    To remedy this undesirable state of affairs
the legislatures of the various states have enacted statutes
making tax deeds *prima facie*, or presumptive, proof of the
regularity and legality of the preliminary proceedings, as
well as of the deed itself, thus casting the burden of proof

upon him who asserts the invalidity of the conveyance. And where such a statute exists the tax deed is competent evidence in behalf of the claimant, and its rejection, if offered as evidence of title, is ground for reversal of the judgment. Black on Tax Titles, § 251. It follows, therefore, that the respondent's deed was properly admitted in evidence.

But the appellant insists that even if respondent's tax deed was competent evidence of title, the court erred in not permitting him to prove its invalidity by showing that the assessment was irregular and void by reason of having been made in the name of one not at the time the owner of the land, and that the land in controversy was assessed with other land without designating the value of each separate tract upon the assessment roll and so returned upon the delinquent list; that the sale was not properly advertised, and that the land was not sold at the time specified by law; that the certificate of sale was not in conformity with the statute, and that the deed itself was irregular in several respects. The trial court held that the action was barred by the statute of limitations, and that the testimony offered was, therefore, immaterial.

And this brings us to the consideration of the controlling question in the case. There can be no doubt that the testimony offered would have impeached the tax proceedings upon which the respondent's deed is based. Nor can it be doubted that the execution of the deed might have been enjoined by timely application to the court? And the only question, therefore, is whether the appellant has not suffered the time to pass within which he had a right to question the tax proceedings, or the deed founded thereon; or, in other words, whether the statute of limitations has not purged the tax proceeding of all imperfections, and established the validity of the deed beyond question. The statute relied on by respondent is as follows:

"Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid or the land redeemed, as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter, except by the purchaser at the tax sale." Code 1881, § 2939.

This statute was passed subsequently to the execution of the deed in question, and for that reason appellant contends that it is inapplicable to the case at bar. But to that proposition we are unable to assent. The language of the act is general and comprehensive, and would seem to indicate that the legislature intended it to apply at least to all tax deeds recorded after the law took effect. In this case the deed was not recorded until some time after the statute went into operation, and we are of the opinion that the statute began to run in favor of the respondent at the time his deed was placed of record. Statutes of limitation relate only to the remedy, and the statutory limitation may be extended or shortened by the legislature at its pleasure, provided a reasonable time is allowed for parties to assert existing rights. Wood on Limitation of Actions, pp. 26, 27, and cases cited, and *Id.* p. 30; Blackwell on Tax Titles (5th ed.), § 946. They are generally no part of any contract, and no party to a contract has any vested interest in a particular limitation. *Keith v. Keith,* 26 Kan. 26; *Terry v. Anderson,* 95 U. S. 628.

In the latter case the court said:

"This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. . . . It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has been already established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for com-

mencement of an action than they have in the form of the
action to be commenced; and as to the forms of action or
modes of remedy, it is well settled that the legislature may
change them at its discretion, provided adequate means of
enforcing the right remain.''

In addition to the objection already considered, it is fur-
ther urged by the appellant—(1) That the deed in contro-
versy is void upon its face, and that there is, therefore,
nothing upon which the statute of limitations can act; and
(2) that there was such a relation existing between his
grantor and the respondent that the latter could not legally
become a grantee under a tax deed.    But we think that
neither of the points is well taken.    The deed is not void
upon its face.    It recites that the land in controversy was
assessed in Pierce county for the year 1876, to J. W. Bra-
zee, and that the amount due thereon for taxes and costs
was $18.73; that the taxes so assessed were returned delin-
quent; that notice that the property would be sold in front
of the court house door was published and posted for three
successive weeks prior to the fourth Monday of July, 1877;
that the property was sold at public auction by the sheriff
of said county, in pursuance of the publication and notice
given, on the 24th day of July, 1877, at the court house
door at Steilacoom, that being the county seat of said
county; that at said sale Edward Huggins became the pur-
chaser for the sum of $20.73, and paid the full amount of
the taxes, cost and price of the certificate; that the prem-
ises were not redeemed, and that the same were conveyed
to the said purchaser, Edward Huggins, in the name of the
Territory of Washington, by the treasurer of said county.

As to the contents of the deed, all that the statute re-
quired was that it should describe the land conveyed as it
was described in the certificate of purchase; that it should
run in the name of the Territory of Washington, and be
signed by the treasurer in his official capacity.  Laws 1875,

p. 72, § 41.   The deed before us not only fulfills the express requirements of the statute, but the further recitals therein set forth · enough of the previous proceedings to show authority to sell the land and authority of the treasurer to make the deed.   It cannot, therefore, be said to be void, or even irregular, upon its face.   Black on Tax Titles, § 214.

And if it were a void instrument it would still constitute such color of title in the respondent as would sustain the bar of the statute of limitations provided for actions relating to tax deeds.   The respondent in this case is in possession, claiming title under his tax deed, and under such circumstances it is not necessary that his deed should be regular or valid, but only sufficient to afford color of title. In fact, in cases of adverse possession, even color of title is unimportant, except as a means of determining the extent and limits of the possession of the claimant.   Title to real estate may be acquired by a disseizor who holds under a claim of right for the period prescribed by law; but in such cases, having no paper title, he can successfully claim only so much of the premises as are actually in his possession.

We are aware that there are cases holding that a void tax deed will not constitute a basis for the running of the statute of limitations.   But we think such decisions overlook both the philosophy and the object of such statutes. Statutes of limitation are strictly statutes of repose, and the policy upon which they are founded is, that a reasonable lapse of time shall put an end to legal strife and controversy, and that he who neglects or refuses to assert his rights within such a time as the legislature may deem reasonable shall be conclusively presumed to have waived them.   If it is necessary for one claiming the benefit and protection of the statute to first prove a perfect and indefeasible title, it is impossible to perceive for what purpose

such statutes are enacted. A perfect title needs no extraneous aid, and if imperfect ones are not within the purview of the statute, then the law, in either case, is entirely ineffectual and useless, and might well be eliminated from the body of statutes. Upon this question a learned text writer says:

"There is no doubt that a deed fair on its face constitutes color of title, no matter what defect may really exist in the proceedings; but it has been held that a deed void on its face would not amount to color of title. The weight of authority and reason is, however, to the effect that, whether the deed be void on its face or not, if it is a *deed*, and of such a character that an ordinary purchaser, unskilled in the learning of the law, might believe it to be a good conveyance, it will be sufficient." 2 Blackwell on Tax Titles (5th ed.), § 861.

See, also, *Coulter v. Stafford*, 48 Fed. Rep. 266; *Edgerton v. Bird*, 6 Wis. 527; *Knox v. Cleveland*, 13 Wis. 245; *Oconto Company v. Jerrard*, 46 Wis. 317 (50 N. W. Rep. 591); *Lindsay v. Fay*, 25 Wis. 460; *Pillow v. Roberts*, 13 How. 477; *Gatling v. Lane*, 17 Neb. 77 (22 N. W. Rep. 227); *Chicago, etc., R. R. Co. v. Allfree*, 64 Iowa, 500 (20 N. W. Rep. 779). In *Pillow v. Roberts, supra*, the court expressed its view of the law as follows:

"Statutes of limitation are founded on sound policy. They are statutes of repose, and should not be evaded by a forced construction. The possession which is protected by them must be adverse and hostile to that of the true owner. It is not necessary that he who claims their protection should have a good title, or any title but possession. A wrongful possession, obtained by a forcible ouster of the lawful owner, will amount to a disseizin, and the statute will protect the disseizor. One who enters upon a vacant possession, claiming for himself upon any pretense or color of title, is equally protected with the forcible disseizor. Statutes of limitation would be of little use if they protected those only who could otherwise show an indefeasible title to the land. Hence, color of title, even under a void

40—7 WASH.

and worthless deed, has always been received as evidence that the person in possession claims for himself, and, of course, adversely to all the world. . . . Color of title is received in evidence for the purpose of showing the possession to be adverse; and it is difficult to apprehend why evidence offered and competent to prove that fact should be rejected till the fact is otherwise proven."

A statute similar to ours has been many times construed by the supreme court of Wisconsin, and it is there held that the only condition of things to which the statute will not apply is want of authority in the taxing officers to put the taxing power in motion. *Knox v. Cleveland, supra; Oconto Co. v. Jerrard, supra.* In the latter case the law is summarized as follows:

"But when there is statutory authority within the scope of the constitution to raise money by taxation, from property subject to taxation, to come into the public treasury for public use, and there is an actual attempt, under color of law, to exercise the authority, it is, while *in fieri, prima facie,* a valid tax proceeding; and when the statute of limitation has run upon it, it is conclusively established as a valid exercise of the taxing power. The distinction is, in principle, like that between judicial jurisdiction and judicial error. Want of jurisdiction is always an open question, everywhere. Error can be imputed only by appropriate judicial proceeding, within the time limited by law to establish it."

In regard to the contention that the respondent stood in the relation of tenant to appellant or his grantor, and could not therefore legally purchase the land at a tax sale, it is only necessary to observe that the appellant himself testified at the trial that respondent took possession of the land in dispute in the year 1883 or 1884, without right, authority or lease from him, and that he has since held it adversely. Of course, he whose duty it is to pay the taxes for another cannot neglect such duty and permit the taxes to become delinquent and purchase the property himself at

the tax sale, because that would be a fraud on his principal; but in this case that rule is not applicable. Even at the time of the trial the respondent did not know the appellant, and, as he says, never saw him about the premises. He was simply an adverse claimant in possession, and must be awarded such rights as the law gives him.

Appellant argues, however, that the equities are with him, because he offered to pay all back taxes and redeem the land at about the time this controversy began. But this is an action at law, and we cannot consider matters of a purely equitable nature in determining legal questions. For aught that appears in the record, appellant neither paid nor offered to pay any taxes upon this land during the whole number of years intervening between the time of his purchase and the commencement of this controversy. And whether it was the result of negligence or a desire to evade taxation, the effect is the same now. What he might have heretofore done he cannot now do. The appellant's tax deed has, by force of the statute, become an indefeasible title.

The objection to the record of respondent's deed is without force, as the index, if not technically correct, is substantially so, and is in no wise misleading.

The judgment of the court below is affirmed.

Dunbar, C. J., concurs.

Scott, J.—Unless an adverse possession coupled with the deed is requisite under § 2939 for the full period of three years, as specified, I doubt its constitutionality. There having been such adverse possession in this case, however, and the statute not being attacked on constitutional grounds, I concur in an affirmance.

Hoyt, J. (*dissenting*).—I am unable to agree with the conclusions of the majority of the court in this case. In

my opinion, the provisions of the statutes relied upon by the majority of the court as statutes of limitation cannot properly be construed as such, excepting as they are applied to sales for taxes under the acts of which they constitute a part.  The organic act of the territory provided that no act shall embrace more than one object, and that shall be expressed in the title.  Each of these provisions was contained in an act providing for the assessment and collection of revenue.  The titles to said acts were substantially the same.  That of 1877 was as follows: "To provide for the assessing and collecting of county and territorial revenue." If the section providing for a limitation of the time in which actions can be commenced, contained in this act, is to be construed as a general statute of limitation, it is void and of no effect for the reason that it is not embraced within the subject matter of the act as expressed in the title.  On the other hand, if it is not to be construed as a general statute of limitations, it can only be construed as a part of the machinery for the assessment and collection of revenue as provided in said act, and could have no force or effect when applied to sales made under any other act than that in which it was incorporated.  And as the deed in question in this action was not executed upon any sale made under the provisions of this act the limitation could not apply to it.

What has been said as to the act of 1877 is also true as to the provision contained in § 2939 of the Code of 1881, for the reason that, as we have seen above, such section, if construed as a general statute of limitations, would not be embraced in the title of the act.  The same legislature that passed this act also passed an act relating to the limitations of actions, and if it had been its intention to provide a general statute of that kind to apply to all deeds executed upon tax sales, it would probably have included such provision in said last named act.

I am, therefore, of the opinion that the legislature never intended such provision, in either of the acts referred to, to constitute a general statute of limitations applicable to all deeds made upon tax sales; and that, if it did so intend, such intention cannot be given force for the reason that to do so would be to violate the provisions of the organic act above referred to.    If such provisions are construed as a part of a scheme for providing revenue, they are reasonable and clearly constitutional; if otherwise, they are oppressive and dangerous.    For these reasons I think that neither of these statutes could be invoked in aid of the claim of the defendant under the tax deed.

STILES, J., concurs.

### ON RE-HEARING.

The opinion upon the re-hearing was delivered March 15, 1894, by

ANDERS, J.—Upon a re-argument of this cause, which was granted upon petition of appellant, our attention was directed to a provision of the revenue act of 1881, which was not printed in the code or session laws of that year, the existence of which was unknown both to the court and counsel for the appellant at the time the case was argued and submitted, and which will compel us to change our former opinion as to one of the material points therein decided.    We there held (ante, p. 617,) that the trial court was right in concluding that the three-year statute of limitation prescribed in § 2939 of the Code of 1881 was a bar to plaintiff's right of action, for the reason that the legislature must have intended by the language there used that the statute should apply to all tax deeds recorded after it went into operation.    But it appears that the act of 1881, as passed by the legislature, and now on file in the office of the secretary of state, and of which § 2939 of the code is a part, contains also the following provision:

"This act to take effect and be in force from and after

the first day of January, 1882, but not to apply to the collection of any taxes previously levied.'' Abbott's Real Prop. Stat., p. 541, note.

And as tax sales and tax deeds are matters pertaining to the assessment and collection of taxes, it follows that said § 2939 is not applicable to the tax deed in question, and that we were in error in holding otherwise. There was no other limitation law in force at the time this action was commenced, except the general law upon that subject, and that was neither pleaded nor relied on by the defendant.

We see no reason for changing the views expressed by us in our former opinion upon the remaining questions therein considered and discussed. We are still of the opinion that the county treasurer was the proper party to execute this deed, notwithstanding the provision in § 2968 of the Code of 1881, that, in case of tax deeds given for the redemption of certificates of purchase at tax sales previously made, said deeds must be executed under the act of 1879, for the reason that that act expressly provides that tax deeds given for the redemption of certificates of purchase at tax sales previously made must be executed under the revenue act of 1877. Laws 1879, p. 48, § 93. A consideration of these and other statutes convinces us that it was the intention of the legislature that all tax deeds should be executed in accordance with the law in force at the time of the tax sale rather than that in effect when the deed happened to be made. Both the law of 1875 and that of 1877 required the county treasurer, and not the sheriff, to execute tax deeds to property sold thereunder. And as the tax sale under consideration was made when the act of 1875 was in force, it follows that the deed was executed by the proper officer.

For the reasons above indicated the order heretofore made affirming the judgment of the lower court must be set aside, and the judgment of the court below reversed,

and the cause remanded for further proceedings, and it is accordingly so ordered.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J., concurs in the result.