[No. 3731.  Decided December 27, 1900.]

A. A. BRACKA, *Appellant*, v. WILLIAM H. FISH *et ux.*,
*Respondents*.

EJECTMENT—ACTION ON TAX DEED—ADMISSIBILITY OF DEED IN EVI-
DENCE.

In an action of ejectment by a plaintiff claiming title un-
der a tax sale made prior to November, 1891, the tax deed exe-
cuted pursuant to such sale is admissible in evidence against a
subsequent purchaser of the premises, although the certificate
of sale and the deed based thereon had not been recorded, where
the defendant has not affirmatively pleaded and proved that
he was a purchaser in good faith and for a valuable considera-
tion, since Laws 1891, p. 167, § 5, denying a lien upon or title
to land through tax sales made prior to November 1, 1891, un-
less the certificates of purchase or tax deeds have been recorded
on or before November 1, 1892, is applicable only "as against
purchasers or incumbrancers for value and in good faith."

SAME—PARAMOUNT TITLE—BURDEN OF PROOF.

In an action of ejectment based upon a tax title antedating
the title set up by defendant, the burden of proof is on defend-
ant to establish paramount title.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM McDONALD, Judge.  Reversed.

*Walter E. Leigh* and *Robertson & Miller*, for appellant.

*A. D. Wilson* and *James Hopkins*, for respondents.

The opinion of the court was delivered by

WHITE, J.—The complaint in this action, omitting for-
mal parts, is as follows:

"1.   That the plaintiff is seized in fee of the following
described premises:  Lot eight (8) in block four (4) of
Chamberlain's Addition to the City of Spokane Falls, now
Spokane, Spokane county, state of Washington.

2.   That the defendants are in the possession thereof,
and unlawfully withhold the same from him.

Wherefore the plaintiff demands judgment for the possession," etc.

The answer, omitting formal parts, is as follows:

"Comes now William H. Fish, one of the above-named defendants, who, answering for himself and himself only, says:

1.   That he denies each and all of the matters, facts and things set up and alleged in plaintiff's complaint herein filed, and in every paragraph thereof.

2.   Defendant, further answering, says that he is the owner in fee simple, and for a long time past has been, and is, in the peaceable possession of said lot eight (8) in block four (4) in Chamberlain's Addition to the City of Spokane Falls, Washington, now Spokane, Spokane county, Washington, and being the property described in the plaintiff's complaint, sought to be recovered by the plaintiff.

3.   Defendant further says that the said plaintiff has no right, title or interest of any kind or nature whatsoever in or to said property or any part thereof; that he has no legal claim of any kind whatever therein or thereto; and that his pretended claim for possession is not based upon any legal or valid instrument or proceeding, or any color of right, and is wholly false, and his claim for one hundred dollars' damages for withholding the possession of the same from said plaintiff, wholly unfounded.

Wherefore the said defendant prays," etc.

The reply, omitting formal parts, is as follows:

"Comes now the plaintiff and, for replication to the affirmative matter set up in paragraphs two and three (2 and 3) of the answer of the defendants, denies each and every allegation, and all of the allegations therein contained.   Wherefore," etc.

On the trial of the cause the plaintiff testified that he was the owner of the property in controversy, and, to sustain his title to the property, offered in evidence a deed dated the 26th day of June, 1895, from the city of Spo-

kane, formerly the city of Spokane Falls, by W. H. Wis-
combe, the city treasurer thereof, as grantor, to Louis
Anderson, as grantee; the deed reciting as follows:

"That whereas, in the assessment roll of the city of Spo-
kane Falls, now Spokane, for the year 1890, the following
described real estate, to-wit, lot eight (8) in block four (4)
of Chamberlain's Addition to the city of Spokane Falls,
now Spokane, according to the recorded plat thereof on
file with the county auditor of Spokane county, state of
Washington, the county and state in which said real estate
is situated, was assessed, entered and taxed by the proper
authorities of said city for the municipal taxes for the
said year in the name of 'unknown owner,' for the sum of
six and 15-100 (6 15-100) dollars;

And whereas, the said tax so assessed was not paid
when the same became due and payable, and the said real
estate and the said tax due thereon was duly entered in
the delinquent list of all the persons and property owing
municipal taxes for the said year; and

Whereas, J. S. Watson, treasurer of the said city of
Spokane Falls, now Spokane, Washington, did on the 27th
day of April, 1891, at the door of the city hall building in
said city, pursuant to notice thereof duly given and the
statutes in such cases made and provided, put up and strike
off and sell the said aforesaid real estate to said second
party, Louis Anderson, at public auction, for the sum of
six and 15-100 (6 15-100) dollars, the same being the
highest and best bid, and the same having been twice before
offered at said time and there being no other bid for any
parcel or lot of such premises at either of such offers, and
such sum being the whole amount due upon said premises,
taxes, penalties and costs for said year 1890, and which
said sum was then and there paid by the said purchaser to
said city treasurer; and whereas, said city treasurer did
thereupon issue a certificate of sale as required by law,
stating therein the name of the person to whom said prop-
erty was assessed as aforesaid; a description of said real
estate sold, as herein described; the amount paid therefor;
the name of the said purchaser; that it was sold for the
said taxes, giving the amount and the year of the assess-

ment, as hereinbefore stated, and which certificate was signed by said city treasurer, J. S. Watson, after the said city treasurer had duly entered in the proper book the description of the land so sold and the other matters required therefor by the city charter of the said city, he duly delivered said certificate of sale to said purchaser; and whereas, more than three years have elapsed since said tax sale, and no person has redeemed said premises within the time allowed by law or at all, nor has offered to redeem the same or any part thereof; and whereas, said purchaser has returned said certificate to the treasurer of the said city and has demanded and is entitled to a deed in pursuance of said sale for the said premises, and has established to the satisfaction of the treasurer of the said city that he is entitled to a deed for said aforesaid premises: Now, therefore, for and in consideration of the sum of six and 15-100 (6 15-100) dollars, the amount of taxes, penalties, interest, charges and costs, for which said premises were sold, the said first party, by virtue of the law in such cases made and provided, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm unto said Louis Anderson, party of the second part, his heirs and assigns, the tract, parcel and piece of real estate hereinbefore described, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, and all rents, issues and profits thereof, and all right, title and interest, as well in law as in equity, of the former unknown owner and of all owners known and unknown, of, in and to the said premises, to have and to hold the premises to the said party of the second part, his heirs and assigns, forever."

This deed was recorded in the auditor's office of Spokane county on July 3, 1895. The plaintiff also offered in evidence, in connection with said tax deed, a quit-claim deed, acknowledged December 27, 1897, from said Louis Anderson to the plaintiff, purporting to convey to the plaintiff the property described in said tax deed. Objection was made by the defendant to receiving in evidence the tax

deed and the deed from Anderson, and the court excluded the same, to which proper exceptions were taken. The certificate issued by the treasurer when the property was sold at tax sale was never filed for record in the auditor's office of Spokane county. The appellant assigns as error the refusal of the court to receive in evidence the tax deed to Anderson and the deed from Anderson to him. The court excluded these deeds because the tax certificate and tax deed were not recorded as provided in § 5 of the Laws of 1891, being an act entitled "An act to cure defective titles to real estate, by providing for the collection of unpaid taxes and assessments, and by securing record evidence in relation to real estate sold for taxes or assessments, in the offices of county treasurers and auditors." As preliminary to the exclusion of the deeds, the court made inquiry whether the defendant claimed title subsequent to the plaintiff, and it was ascertained that defendant claimed title under a deed dated June 7, 1895, from P. A. Klein, as grantor. Section 5 of the Laws of 1891 (Laws 1891, p. 167) is as follows:

"Purchasers of real estate at tax sale prior to the first day of November, 1891, shall have no lien against said real estate for the amount of their payments, nor any title to said land, *as against purchasers or incumbrancers for value and in good faith,* unless they shall duly file their certificates of purchase, or tax deeds in case the same may have been issued, for record in the office of the county auditor on or before the first day of November, 1892."

The respondent claims that inasmuch as the appellant had not filed his certificate of purchase, as required by the act of 1891, the court committed no error in excluding the tax deed and the deed from Anderson. He further claims that the law of 1891 was a general statute to secure record evidence in relation to real estate sold for taxes, and applied to previous tax sales by cities as well as to sale of

lands for delinquent state and county taxes. Appellant contends that the law of 1891 related solely to sale of lands for delinquent state and county taxes, and had no application to sale of lands by cities for delinquent city taxes. It is an established rule in the construction of statutes that a subsequent act, treating a subject in general terms and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all. Black, Interpretation of Laws, 116.

Under this rule the appellant contends that the act of 1891 did not apply to the sale of lands for city taxes. Be that as it may, we do not think this question is fairly raised on this appeal, and we will not pass upon it at this time. The taxes for which the land in question was sold were levied, sale conducted, and deed issued under a special act of the legislature of the territory of Washington, approved January 29, 1886, being an act to amend an act to incorporate the city of Spokane Falls. The act in question provides for a city assessor, for an annual assessment of real and personal property, and the levying of a tax thereon for municipal purposes. It was provided by ordinance within what time taxes were to be levied. Within five days from the expiration of the time limited for paying taxes to the city treasurer, the treasurer was required to return the tax roll to the council, distinguishing thereon the taxes paid and those remaining unpaid. A warrant having the force of an execution was then issued to the treasurer, and he was to sell personal property to pay the taxes. On the first Monday in March of said year the treasurer was also required to make and return to the council a delinquent tax roll. The city clerk, within ten days, entered in such tax

roll an order, under the seal of the city, commanding the treasurer to sell, for the payment of the delinquent taxes, the real estate mentioned therein. On the fourth Monday in April of such year, at a place named in the act, the treasurer or his deputy, after certain notice, commenced to sell the real estate mentioned in the roll for delinquent taxes. He executed to the purchaser a certificate of purchase for the lands or lots sold to him, stating the amount paid therefor, etc., and it was provided that such certificate should be *prima facie* evidence of the regularity of all prior proceedings. The former owner or his grantee might, within three years from the date of the certificate of purchase, redeem, etc.

"Should no redemption be made within the period of three years, the treasurer shall, on demand by the purchaser or his assigns, and the surrender of the certificate, execute to him a deed for such lands and lots therein described. Such deed shall be executed only for the lands and lots named in the certificate, and after payment of all subsequent taxes thereon. The deed shall be executed in the name of the city of Spokane Falls, and shall recite in substance the matters contained in the certificate, and that no redemption has been made of the property within the time allowed by law. Such deed shall be signed and acknowledged by the city treasurer, as such, and shall be recorded within six months from its date. The deed shall be *prima facie* evidence that the property was assessed as required by law; that it was equalized as required by law; that the taxes were not paid; that the property was sold as required by law; that it was not redeemed, and that the person executing the deed was the proper officer, and the deed shall be conclusive evidence of the regularity of all other proceedings from the assessment by the assessor, inclusive, up to the execution of the deed." (Laws 1885-86, p. 320, § 84.)

The tax deed was offered in evidence as the source of title of the appellant back to June 21, 1891. The respond-

ent purchased the lot from one Klein in 1895. The only objection made in the court below and the only one urged here by the respondent is that the certificate of purchase was not recorded as required by the laws of 1891, and therefore the deed founded on that certificate was not admissible. Conceding that the law of 1891 is as claimed by respondent, he is not in a position in this case to avail himself of the objection he makes. It will be observed that the act of 1891 applies only to *purchasers or incumbrancers for value and in good faith.* Against every one else, including the original owner, the certificate and deed, whether recorded or not, are *prima facie* evidence. The defendant does not plead that he is a purchaser for value and in good faith. If he had so pleaded, he could show these facts to overcome the title resting on the tax deed. But the tax deed was admissible in evidence as *prima facie* proof of the title of the appellant. *Ward v. Huggins,* 7 Wash. 617 (32 Pac. 740, 1015).

If § 5 of the law of 1891 bears the construction contended for by the respondent, this deed might be overcome and its effect destroyed, but that could be done only by the respondent showing affirmatively that he was a purchaser for value and in good faith. That would be a question of fact for the jury. By "good faith," as judicially interpreted, is meant a purchase made not merely for a consideration, but also without notice to the purchaser of an adverse claim to the property by others; for "the taking an estate after notice of a prior right makes one a *mala fide* purchaser." *Kellar v. Stanley,* 86 Ky. 240 (5 S. W. 477); *Mendenhall v. Kratz,* 14 Wash. 453 (44 Pac. 872).

The testimony of the defendant shows that he paid a valuable consideration for the property to one Klein. Nothing is shown as to Klein's title. The only evidence of title the respondent offers is a deed from Klein to himself, dated

June 7, 1895, and that he was in possession when he purchased. He does not show any possession by Klein, or how long he was in possession. He says he relied upon an abstract of title when purchasing from Klein. The abstract was not introduced or offered in evidence. He further says he did not examine as to the taxes, but relied upon the statement of a gentleman he paid for that purpose. This evidence, even if he had pleaded that he was a purchaser for value and in good faith, falls far short of showing that the respondent had any title to the property, or that he was a purchaser in good faith. If the respondent desired to contest the regularity of the tax proceeding, he should have pleaded the irregularity. The burden of proving the same is cast upon him. *Ward v. Huggins, supra.* The court erred in refusing to receive in evidence the deed from Anderson to appellant and the tax deed to Anderson; and, under the state of the pleadings, the court erred in holding that the law of 1891 applied to lands sold by municipal corporations for delinquent taxes. As we have before indicated, the court reserves the determination of the question whether this act applies in any such event. The court erred in refusing to permit the jury to consider the deeds offered in evidence by the appellant, and in instructing the jury to find from a fair preponderance of the evidence who was the owner of the land described in the complaint. It erred, also, in not holding that the respondent must prove a title paramount to the tax title of appellant.

The judgment of the court below is therefore reversed and this cause is remanded for a new trial, with leave to respondent to amend his answer generally, if he so elects; the appellant to recover his costs on appeal.

DUNBAR, C. J., and REAVIS and FULLERTON, JJ., concur.