[No. 4033. Decided April 23, 1902.]

A. A. BRACKA, *Appellant,* v. WILLIAM H. FISH *et ux.,* *Respondents.*

NEW TRIAL — DISCRETION OF COURT.

The action of the trial court in granting defendants' motion for a new trial, based upon substantially the same facts upon which it had denied their motions against setting the cause for trial and for a continuance because they were not prepared for trial, being a matter within the court's discretion, will not be reviewed, where there is no showing of abuse.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge, Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*W. W. Thornton,* for respondents.

PER CURIAM.—This cause was before this court on appeal, and is reported in 23 Wash. 646 (63 Pac. 561), and there reversed and remanded for further proceedings. It appears that after the remittitur was returned to the superior court the counsel for respondents withdrew from the cause, and that the cause was noted for trial thereafter by counsel for appellant, and notice by mail given to the respondents of the setting of the cause. On the day the cause was set for trial, respondents moved to vacate the order setting the cause for trial. This motion was based upon affidavits. Upon the hearing the motion was refused.

A continuance was then prayed on the ground that the respondents were not prepared for trial. The court refused the continuance and directed the trial, and, upon the introduction of testimony, discharged the jury and entered judgment in favor of the appellant. Defendant moved for a new trial. The motion for a new trial and affidavits in support thereof set up substantially the same facts that were urged against the setting of the cause for trial, and in the request for a continuance because respondents were not prepared for trial. The court granted the motion for a new trial, from which appellant has appealed. From an inspection of the record, we are satisfied that the order granting the new trial is entirely within the discretion of the superior court, and it will not be reviewed here.

Affirmed.