Strafford,
Dec. 2, 1941. } No. 3269.

N. E. REDLON COMPANY *v.* FRANKLIN SQUARE CORPORATION.

*Snow & Peyser* and *Frank E. Blackburn* (*Mr. Peyser* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

PAGE, J. The last transfer to this court resulted in the opinion that on two of the assigned grounds it was impossible for the trial

court to find in favor of the defendant on its motion for a new trial, and the flat statement that on the third ground the trial court might have found the exact opposite of its finding implied, but not expressed. We nevertheless thought that we could not correct the exercise of discretion in this respect.

At a subsequent term of the Superior Court, the Presiding Justice sat properly to determine what, if any, issues should be withdrawn from consideration at the new trial. The plaintiff moved to vacate the order for a new trial made by another Presiding Justice (*Connor*, J.), who gave his consent for the currently Presiding Justice (*Burque*, C. J.) to pass upon the motion. The Chief Justice thereupon passed upon the motion to vacate, made full findings of fact, and granted the motion. He also denied a motion by the defendant that the new trial be by jury, and ordered judgment on the reports.

I. Concerning the vacating of the order for a new trial, the defendant takes three positions. (1) It is argued that, since we did not disturb the order for a new trial made by *Connor*, J., the defendant's right to a new trial is *res adjudicata*, and not subject to review by the Superior Court. (2) It is claimed that, assuming the power of the Superior Court to review its own exercise of discretion, no reason appears for a review. (3) It is urged that, assuming the power and the reasonable occasion to review, only the Presiding Justice who ordered the new trial can review and revise his exercise of discretion.

(1) Discretionary or interlocutory orders of the Superior Court do not result in an adjudication of the rights of the parties until the case goes to final judgment. *Russell* v. *Dyer*, 39 N. H. 528, 531. The Superior Court has the power to correct its own errors in the finding of facts, even as to the merits, where it has been imposed upon, at any time before judgment. *Carpenter* v. *Carpenter*, 78 N. H. 440, 442, 443. There is no reason to doubt that the court may before judgment review its exercise of discretion in connection with a motion for a new trial, and reverse itself in accordance with the demands of justice. The problem of a new trial depends upon the question whether justice has been done (P. L., *c.* 342, *s.* 1), and that question, while usually determined once for all in the first instance, cannot be wholly closed and adjudicated before final judgment.

Our former opinion (90 N. H. 519, 532), declining to reverse the exercise of discretion, was no more than a statement of fact that upon the record where evidence was largely lacking and the Presiding Justice made no expressed subsidiary findings (regarding

diligence for example), we could not say that there was no evidence to sustain his implied findings. It determined nothing as a matter of law and did not adjudicate the rights of the parties to a new trial. If we may say that a party cannot have a new trial because the very ground he claims has already been decided here adversely to him (*Cox* v. *Leviston*, 66 N. H. 167; *Wright* v. *Boynton*, 40 N. H. 353), it cannot be said that we have held as a matter of law either that the defendant has or has not the clear right to a new trial because of the "new evidence" now relied on. The Superior Court has, therefore, not attempted to modify, alter, set aside, or depart from any judgment of this court.

(2) The Superior Court will not lightly undertake to review its prior discretionary action. It is to be presumed, in this instance, that the entertaining of the motion to vacate the order for a new trial was based upon the finding that there was reasonable ground for a reëxamination of the question whether a new trial was required. The fact that there was a conference between the judge who made the first order and the judge who vacated it may well indicate consideration of the question of reasonable ground for review. However that may be, the peculiar history of this case itself afforded ample ground for further consideration.

The precise ground alleged for a new trial was the discovery of evidence that there was no shortage of long leafed pine. The consent of the defendant was obtained, the architect had testified, after the former was told of this fact by the latter. The defendant's treasurer absolutely denied any such conversation or consent. The referee believed the architect and gave no credit to the defendant's treasurer. The "new evidence" was important only as it might shake the referee's belief in the credibility of the architect, thus leaving the plaintiff without any evidence of consent. No finding was made by the Superior Court as to the probability of such a result prior to the transfer of the exception to the granting of the new trial. We were then bound to assume that such a finding had been made by implication. The Superior Court was not bound by its own finding, whether expressed or implied.

The Superior Court has now expressly found that the newly discovered evidence of no shortage in fact would probably not have the effect of altering the referee's faith in the architect. No evidence, as is now found, has been offered to prove that the architect lied when he said that Redlon told him that the hard pine market was sold out, or that the architect knowingly misrepresented the

situation to Rosen. As is now found, "The affidavits consequently disprove nothing the architect testified to . . . . No other evidence is submitted which, in view of the proposed new collateral evidence, would warrant a finding that the Referee would probably reverse himself, and that a different result might reasonably be reached, if a new hearing was had." We cannot say that these findings are clearly unreasonable. They therefore preclude the re-hearing of the merits of the issue of consent, if the Superior Court had jurisdiction to make the findings. *McGinley* v. *Railroad*, 79 N. H. 320.

By the weight of common-law authority and upon the better reasoning, the Superior Court's discretionary powers are continuous. They may be exercised, and prior exercise may be corrected, as sound discretion may require, at any time prior to final judgment. *Barry* v. *Insurance Co.*, 53 N. Y. 536; *King* v. *Rockhill*, 41 N. J. Eq. 273; *Bracka* v. *Fish*, 28 Wash. 410; *Baltimore &c. Railroad Co.* v. *Ray*, 36 Ind. App. 430; *Louisville & Nashville &c. Co.* v. *Scarborough*, 208 Ky. 79; *In re Day*, 129 Kan. 14; *Barrett* v. *Smith*, 183 Minn. 431; *Hitchay* v. *Phillips*, 316 Pa. St. 290.

The contrary decisions turn generally upon statutes or rules of court peculiar to the jurisdictions. *Thorne* v. *Finn*, 69 Cal. 251; *Egan* v. *Egan*, 90 Cal. 15; *Coyle* v. *Company*, 31 Wash. 181 (following the California rule, though the judge who granted a new trial had become convinced that he had made a mistake); *Luke* v. *Coleman*, 38 Utah 383 (but see *Lund* v. *Court*, 90 Utah 433, where some ingenuity was used to circumvent the statute and avoid a miscarriage of justice); *LaCount* v. *Company*, 175 S. C. 110; *Dubs* v. *Railway*, 47 N. D. 210.

(3) Under the New York Code, an order made by one judge can be reviewed by another only if the former is no longer competent to act, or specially directs the later motion to be thus heard. *Giraudat* v. *Korn*, 8 Daly 406. At common law the overwhelming weight of authority is that the Presiding Justice for the time being may always hear and decide such a motion, since the power resides in the court and not in the judge. *In re Day, supra; Chicago &c. R. R. Co.* v. *Marseilles*, 107 Ill. 313; *Rice* v. *Van Why*, 49 Colo. 7; *Fitzgerald* v. *Company*, 106 Conn. 475; *Seery* v. *Murray*, 107 Ia. 384; *Perry* v. *Baker*, 61 Neb. 841. Three states which consider orders on motions as *res adjudicata* permit one judge to reverse another on rulings of law prior to judgment. *Crim* v. *Kessing*, 89 Cal. 478; *Shephard* v. *Gove*, 26 Wash. 452; *Strehlow* v. *Fee*, 36 N. D. 59. The United States Circuit Court of Appeals, in the past following the code rule of New

York, have indicated serious doubt that the common-law rule is like it. *United States* v. *Steinberg*, 100 Fed. (2d) 124, 125.

The best discussion of the questions involved is to be found in *Peterson* v. *Hopson*, 306 Mass. 597, whose pronouncements are based upon an exhaustive consideration of the authorities. The conclusions are stated in the following quotations. "Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided" (*Ib.*, 599). "After the denial of one motion, a second motion based on the same grounds need not be entertained" (*Ib.*, 600). "Though there is no duty to reconsider . . . an issue . . . once decided, the power to do so remains in the court until final judgment or decree." (*Ib.*, 601). "An undertaking, or an exercise of discretion, to reconsider a matter once decided, is not shown by a mere denial of a second motion purporting to raise it. That may signify merely a refusal to reconsider the matter." (*Ib.*, 602). "It has been held that a judge who undertakes to reconsider such a matter must hear it through." (*Ib.*, 603). It is immaterial that different judges act. "All the judges of the Superior Court have equal powers, and in most matters each is vested with all the powers of the court . . . . A judge should hesitate to undo his own work . . . . Still more should he hesitate to undo the work of another judge. . . . But until final judgment or decree there is no lack of power, and occasionally the power may properly be exercised. The judge whose action is vacated may be dead, or retired, or ill, or engrossed in work at a remote place." (*Ib.*, 603).

We think the law as thus stated is the common law of New Hampshire, and we can see no impropriety in the exercise of power by the Presiding Justice in this case. He consulted the former Presiding Justice before proceeding and thus fulfilled all the duties of judicial courtesy in the exercise of the power that resided in his control of the term of court over which he presided.

II. The defendant's motion for a new trial by jury is obviously a late afterthought. Early in the history of the case, the defendant agreed that it should be placed on the court list. Never until this late day, years later, has it suggested that it should be relieved from its election. The finding below that the defendant waived any right to jury trial is fully sustainable. *Trainor* v. *Heath*, 67 N. H. 384.

*Judgment affirmed.*

BURQUE, J., did not sit: the others concurred.