# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0315, <u>American Express National Bank v. Linda A. Petralia</u>, the court on January 14, 2022, issued the following order:**

Having considered the defendant's brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Linda A. Petralia, appeals the granting of summary judgment by the Superior Court (<u>Temple</u>, J.) in favor of the plaintiff, American Express National Bank. She argues that granting the plaintiff summary judgment was in error because, she claims, the trial court had already entered a "final and binding" dismissal of the case several months earlier. In its memorandum of law, the plaintiff asserts, and the defendant has not disputed, that five days after the earlier dismissal order, the plaintiff moved to vacate the dismissal, and that the trial court granted its motion and vacated the dismissal two weeks later.

Until a case has gone to final judgment, the trial court retains broad discretion to reconsider <u>any</u> decision in order to correct error, including a decision dismissing the case. <u>Goudreault v. Kleeman</u>, 158 N.H. 236, 249 (2009); <u>Redlon Co. v. Corporation</u>, 91 N.H. 502, 503, 505-06 (1941). A non-appealed dismissal does not go to final judgment until either the thirty-first day from the trial court's notice of decision on the dismissal, or, if a timely post-dismissal motion was filed, the thirty-first day from the notice of decision on a ruling denying that motion. <u>Super. Ct. R.</u> 46(d)(1), (2); <u>see</u> <u>Kalil v. Town of Dummer Zoning Bd. of Adjustment</u>, 159 N.H. 725, 729 (2010) (observing that, under predecessor to Rule 46, trial court's final order became a "final judgment" thirty-one days after the trial court had issued its decision). Here, the trial court vacated its dismissal order well before the dismissal went to final judgment. Accordingly, the dismissal did not preclude the subsequent granting of summary judgment.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**