# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0043, <u>Town of Henniker v. Andre Cote, Jr.</u>, the court on March 20, 2023, issued the following order:**

The motion filed by the defendant, Andre Cote, Jr., to file an amended brief and appendices, to which the plaintiff, the Town of Henniker, has not objected, is granted. The defendant filed the amended brief and appendices on December 5, 2022.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant appeals an order of the Superior Court (<u>Kissinger</u>, J.) granting the plaintiff's motion for prevailing party attorney's fees and costs pursuant to RSA 676:17, II (2016). He argues that the Town was not entitled to an award of fees by challenging earlier orders issued by the trial court, including: (1) a November 2020 order granting summary judgment to the Town on its request for declarations that the Town holds a fee simple interest over the 60-foot parcel containing Davidson Road and extending beneath the defendant's retaining wall, that the defendant's driveway permit did not authorize him to build a stone wall on Town property, and that the defendant's use of the property violates State law; and (2) a July 2021 order, issued after an evidentiary hearing, concluding that the Town is entitled to an injunction requiring the removal of a portion of the defendant's retaining wall.

We reject the Town's argument that the appeal is not properly before us because the defendant did not timely move to reconsider, or appeal from, the November 2020 and July 2021 orders, but instead raised his arguments in a timely motion to reconsider the November 2021 final order awarding attorney's fees, and then appealed the order denying that motion. <u>See</u> <u>Van Der Stok v. Van Voorhees</u>, 151 N.H. 679, 681 (2005) (holding that appellant properly waited to file appeal until the trial court had issued a post-trial final ruling on attorney's fees); <u>see</u> <u>also</u> <u>Mortgage Specialists v. Davey</u>, 153 N.H. 764, 786 (2006) (holding that party may preserve issue that could have been raised at earlier time by raising it in a motion for reconsideration if raising issue on reconsideration does not deprive trial court of opportunity to correct its error, or if trial court unsustainably exercises its discretion by declining to address issue solely on timeliness grounds); <u>Redlon Co. v. Corporation</u>, 91 N.H. 502, 505-06 (1941) (holding that trial court has discretion to reconsider interlocutory ruling until entry of final judgment). Nevertheless, based upon our review of the trial court's well-reasoned orders, the defendant's challenges to them, the relevant law, and the record submitted on appeal, we conclude

that the defendant has not demonstrated reversible error.  <u>See</u> <u>Sup. Ct. R.</u> 25(8); <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**