Hillsborough,
No. 4699.

LOUIS C. WYMAN, *Attorney General*

*v.*

CONRAD DANAIS, *County Attorney.*

Argued December 2, 1958.

Decided December 31, 1958.

*Louis C. Wyman,* Attorney General (by brief and orally), *pro se.*

*Conrad Danais,* county attorney (by brief and orally), *pro se.*

KENISON, C. J. The narrow issue in this case is whether the Attorney General may compel the county attorney by writ of mandamus to turn over papers and files relating to a criminal prosecution. However, the broader issue, which the Court and both counsel seek to have determined, is the clarification of the duties of the Attorney General and the county attorney in criminal prosecutions. This is made clear in the conclusion of the county attorney's brief which reads as follows: "That in disposing of Petitioner's Writ of Mandamus, that the Honorable Court go further and set forth the duties of the Petitionee and Petitioner expressly, in order that there shall be no future conflict of views in enforcing future criminal cases within the State."

RSA 7:6 expressly provides that the Attorney General shall prosecute crimes punishable by death or imprisonment for life or for twenty-five years or more. The statute then goes on to provide that the Attorney General "shall have and exercise general supervision of the criminal causes pending before the supreme and superior courts of the state, and with the aid of the solicitors of the several counties he shall enforce the criminal laws of the state." Although embezzlement is a felony the maximum imprisonment is five years (RSA 580:28, 30) and the argument is advanced that consequently in such a case the Attorney General has only supervisory powers to advise or recommend but no power to control or direct such a prosecution. If this were the only applicable statute the argument would have force but there are other sections pertaining to the respective powers of the Attorney General and the county attorneys that must be considered.

RSA 7:11 provides that officers charged with enforcing criminal law "shall be subject to the control of the attorney general whenever in the discretion of the latter he *shall see fit to exercise the same.*" (Emphasis supplied). This provision has been in

effect for almost half a century and during that period county solicitors (by constitutional amendment now designated county attorneys, N. H. Const., Part II, *Art.* 71st, effective November 19, 1958) have been considered as the Attorney General's "deputies so far as local criminal proceedings are concerned." *Fletcher* v. *County*, 71 N. H. 96, 101.

RSA 7:34 provides that the "solicitor of each county shall be *under the direction of the attorney general,* and, in the absence of the latter, he shall perform all the duties of the attorney general's office for the county." (Emphasis supplied).

The three sections of RSA ch. 7 which have been quoted above all add up to more than the power of advice, recommendation and exhortation. The power of general supervision given by RSA 7:6 has existed at least since 1881 (Laws 1881, c. 82, s. 1) ; the authority to control criminal law enforcement officers under RSA 7:11 has existed since 1911 and the provision that the solicitors, now designated county attorneys, shall be under the direction of the Attorney General has likewise been in effect for more than half a century. Construed together they demonstrate a legislative purpose to place ultimate responsibility for criminal law enforcement in the Attorney General, and to give him the power to control, direct and supervise criminal law enforcement by the county attorneys in cases where he deems it in the public interest.

As was said in *State* v. *Swift,* 101 N. H. 340, 342-343, the Attorney General "is· specifically charged with enforcement of the criminal laws of the state, and with supervision of criminal causes pending before the Supreme and Superior Courts." This is broad language but it is supported by broad statutory language and is consistent with the general understanding of the statutes elsewhere. See De Long, Powers and Duties of the State Attorney General in Criminal Prosecution, 25 J. Crim. L., C. & P. S. 358, 375: "The New Hampshire statutes make it clear that the attorney-general is the paramount authority if there is any conflict between him and the prosecuting attorney and the same is true in many other jurisdictions."

In reaching the conclusion that the Attorney General has by statute the ultimate responsibility for criminal law enforcement in the state, we have not relied on the common-law powers of the Attorney General nor the administrative practice since 1896, when written biennial reports were first filed by the Attorney General (30 Law Library J. 41, 154), although they would appear to support

the conclusion reached herein. See Note, The Common Law Power of State Attorneys-General to Supersede Local Prosecutors, 60 Yale L. J. 559, 560 (1951); Attorney General versus District Attorney, 99 U. Pa. L. Rev. 826 (1951).

In view of the wording of RSA 7:6, 11, 34 and its statutory history and the construction of similar statutes elsewhere (*Commonwealth* v. *Kozlowsky*, 238 Mass. 379), we conclude that the writ of mandamus should issue in this case. However, the issuance of the writ in no way invalidates the sentence already imposed in the criminal proceedings against Barnard.

*Remanded.*

BLANDIN, J., was absent; the others concurred.