JOHN TORTOLANO *vs.* TOWN COUNCIL OF THE TOWN OF
EAST GREENWICH.

NOVEMBER 22, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the town council of the town of East Greenwich in removing the petitioner as a member of the permanent police force of said town on the ground of misconduct. Pursuant to such writ the pertinent records have been certified to this court.

The town of East Greenwich has a permanent police force to which petitioner had been appointed in October

1957. Section 2 of the ordinance setting up the permanent police force provides that "any member of the permanent police force * * * shall be subject * * * to removal from office by the Council at any regular meeting thereof for misconduct, incapacity, neglect of duty or insubordination of such character as the Council may deem a disqualification for said office."

On February 12, 1960 petitioner was suspended from the police force pending formal hearing because of "his involvement in four accidents with the police car." A formal hearing on such suspension was held at a regular meeting of the council on February 25, 1960. It appears from the record of the hearing that petitioner had been suspended on a charge of misconduct based specifically upon petitioner's involvement in four automobile accidents in the period from December 8, 1957 to February 8, 1960.

There is nothing in the record certified to us which discloses the nature or cause of said accidents. However, at the hearing in this court the parties stipulated that copies of certain reports as set forth in respondent's brief be made part of the records. These were written statements made by petitioner to his superiors reporting the happening of each accident in which he had been involved and describing how they occurred. The council apparently had the original reports at the hearing. It appears that the only information concerning said accidents came from petitioner. From what we can gather from the record his removal was based solely on such information.

The petitioner contends that there is no evidence in the record which directly or otherwise can support a finding that he was guilty of misconduct and that consequently his removal was unlawful. No question of procedural due process is involved in this proceeding. In fact petitioner concedes that he received proper notice and was given a fair hearing. The narrow question before us is whether

486

petitioner's involvement in said accidents is, as a matter of law, misconduct as that word is used in the ordinance.

The meaning of the word "misconduct" depends to a great extent upon the context in which it is used. See 58 C.J.S. Misconduct, p. 817. We agree with respondent that said word was used in the instant ordinance to mean conduct unbecoming a police officer in the performance of his duties. Such misconduct ordinarily connotes willful and intentional wrongdoing, and not a mere error of judgment. *Mandella* v. *Mariano*, 61 R. I. 163, 166.

We have carefully examined petitioner's reports describing each of the accidents in which he was involved. There is nothing in those reports or anywhere in the record indicating willful or intentional wrongdoing on the part of petitioner. In fact in its brief respondent concedes that petitioner did not intend to wreck the police cars. Nor does the record support respondent's contention that petitioner operated the police cars recklessly on the occasions in question. The only evidence in the instant record is that petitioner had been involved in four accidents over a period of time and that they occurred in the manner described by him in his written reports. Such evidence does not warrant a finding that petitioner was guilty of misconduct within the meaning of the ordinance.

We are not unmindful of the town council's desire to protect the property of the town and the safety and property of all persons within its borders. However, their power of removal is limited by the express terms of the ordinance.

The petition for certiorari is granted and the record, in so far as it relates to the removal of the petitioner from the permanent police force of the town of East Greenwich, is quashed.

*Orme, Sullivan & Pederzani, Paul P. Pederzani, Jr.*, for petitioner.

*Clinton G. Clough,* Town Solicitor for Town of East Greenwich, for respondent.