Original,
No. 5856.

## New Hampshire Bar Association

*v.*

## Daniel I. LaBelle & *a.*

Argued October 2, 1968.
Decided October 4, 1968.

*David L. Nixon* and *Douglas S. Hatfield, Jr.* ( orally ), for the plaintiff.

*George S. Pappagianis,* Attorney General ( by brief and orally ), for defendant, Robert L. Stark, Secretary of State.

Defendant, Daniel I. LaBelle, filed no brief.

Kenison, C. J. The questions presented in this case are whether a layman is a qualified candidate to run for the office of county attorney and, if not, whether the Supreme Court has jurisdiction to order the Secretary of State to remove his name from the November 1968 general election ballot.

The principal facts are not in dispute. The defendant, LaBelle, was the successful candidate in the primary for the office of county attorney for Strafford County on the Democratic ticket. The defendant is not an attorney. The plaintiff, New Hampshire

Bar Association, by its Committee on the Unauthorized Practice of Law, filed an original petition in this court alleging that the defendant is not qualified to perform the duties of county attorney if elected and that he is not a bona fide candidate and prayed that his name be removed from the November 1968 general election ballot. The plaintiff is authorized to bring the petition by virtue of its charter ( Laws 1873, ch. 115; Laws 1967, ch. 521 ) as well as the statute on unauthorized practice of law. RSA 311:7-a II ( supp ); Laws 1967, 290:1. See N. H. Judicial Council, 11th Report 32 ( 1966 ). Prior to the filing of this petition, the plaintiff requested the Ballot Law Commission to remove the defendant's name from the ballot. A majority of the Commission denied this request on the ground it had no jurisdiction. RSA 56:28. The dissenting Commissioner was of the opinion that the Commission has jurisdiction, that LaBelle was not a bona fide candidate and that his name should not appear on the ballot in the November 1968 general election.

Neither the Constitution nor the statutes make any express provision for the qualification of persons to be elected for county attorney except that the candidate shall be a resident of the county. N. H. Const., *Pt. 2, Art.* 71, adopted by the voters at the November 4, 1958 election; RSA 64:1, 2 ( supp ); Laws 1961, 59:1. A county attorney in this state was formerly called a county solicitor and his duties are similar to those of a district attorney or prosecuting attorney. *Fletcher* v. *Merrimack County,* 71 N. H. 96; *Wyman* v. *Danais,* 101 N. H. 487; *State* v. *Santy* (Mitchell), 109 N. H. 85. Although the county attorney, however described, may be engaged primarily in criminal prosecutions, his duties and functions also include civil litigations for the county ( RSA 7:34 ) and other miscellaneous civil matters. RSA 167:2. The statutory duties placed on the county attorney are those which the electorate and the lawmakers would normally expect to be performed by an attorney at law. For more than a century and a half county attorneys have been considered as the Attorney General's " deputies so far as local criminal proceedings are concerned." *Fletcher* v. *Merrimack County,* 71 N. H. 96, 101; *State* v. *Ingalls,* 59 N. H. 88; *State* v. *Farrar,* 41 N. H. 53; RSA 7:34.

At a time when constitutional decisions constitute a code of criminal procedure and must be scrupulously followed not only

in the interest of the accused but also for the benefit and protection of the public, it would be strange statutory construction to hold that the words "county attorney" connote no trained knowledge of the law. Most of the courts that have passed on the question, in decisions ancient and recent, have concluded that the word "attorney" in the title of offices like county attorney by necessary implication means an attorney at law. *People ex rel Elliott* v. *Benefiel,* 405 Ill. 500; *People* v. *May,* 3 Mich. 598; *State ex rel Summerfield* v. *Maxwell,* 148 W. Va. 535; *State* v. *Russell,* 83 Wis. 330; *Enge* v. *Cass,* 28 N.D. 219; *Opinion of the Justices,* 240 Mass. 611. See 66 W. Va. L. Rev. 122 ( 1964 ).

A more than cursory examination of early New Hampshire Registers ( e.g., "The New Hampshire Register Almanack, for the Year 1796 " *pp.* K.2 and K.3 ) indicates that county solicitors were consistently attorneys at law. This is fact that can be cross-checked and verified by the short biographies of deceased lawyers that appear in Bell's Bench and Bar of New Hampshire, see e.g., *pp.* 455, 655 ( 1894 ). While long usage and practice does not constitute precedent, it does show that history is consistent with the conclusion we reach that a county attorney must be an attorney. See *Ricker's Petition,* 66 N. H. 207. A more modern support for the proposition that the Legislature so understood and intended that a county attorney should be a member of the bar is RSA 21:27-a; Laws 1959, 12:1 which reads as follows: "21:27-a COUNTY ATTORNEY. The words 'county solicitor' or the word 'solicitor' when referring to the county *law official,* shall mean the county attorney. "( Emphasis supplied ).

We do not pass on the question whether the defendant, LaBelle, was a bona fide candidate. RSA 56:11, 12 ( supp ); RSA 56:28. We conclude that the defendant is not a qualified candidate for the office of county attorney and this court has jurisdiction to order the Secretary of State to remove his name from the November 1968 general election ballot. RSA 490:4; RSA 311:7-a ( supp ); Laws 1967, 290:1.

*So ordered.*

All concurred.