Original
No. 6291

*In re* Mack M. Mussman

February 28, 1973

*Warren B. Rudman,* attorney general, and *W. Michael Dunn,* assistant attorney general, for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Silas Little III* for the defendant.

Per curiam. The petition of the attorney general to this court for inquiry into the judicial conduct of the defendant as judge of the District Court of Littleton was heard upon its merits by *John H. Leahy,* judicial referee, following denial

of the defendant's motion to dismiss for want of jurisdiction. *In re Mussman*, 112 N.H. 99, 289 A.2d 403 (1972). The parties were heard at length, and a report was made to the court by the judicial referee detailing his findings with respect to the seven counts alleged in the petition. In each instance it was found that the allegations were not sustained by the evidence.

Counsel for the defendant then moved for acceptance of the report and for an order terminating the inquiry. The plaintiff filed objections with respect to the findings on five of the seven counts.

The defendant, now sixty-six years of age, was admitted to the bar of this State in 1933, and became judge of the Municipal Court of Littleton in 1962. When that court was reconstituted a district court, he was appointed justice of that court in 1964. RSA 502-A:1 XXXII. The events which gave rise to this petition occurred prior to the order of this court suspending him from the practice of law effective January 31, 1972. *Mussman's Case*, 111 N.H. 402, 412, 286 A.2d 614, 620 (1971).

Of the seven counts set forth in the pending petition, three arise out of the criminal jurisdiction of the court, two from its civil jurisdiction, and two from its jurisdiction as a juvenile court. In each instance, the referee has found that the action of the defendant as justice of the district court was not improper or illegal. It is apparent however that many of the aspects of his conduct were not notable for adherence to ethical standards. *See* Supreme Court Rule 25, Code of Judicial Conduct, Canons 2, 3 (Adopted January 31, 1973); Canons of Judicial Ethics 4, 15 (1937).

The position of justice of the Littleton court is not a full-time position, and its incumbent was permitted to practice law, subject to certain statutory limitations. RSA 502-A:21 (Supp. 1972). Obviously a part-time judge is called upon to exercise particular care to see that the conduct of his law practice is kept strictly separate and apart from his judicial functions, in order that improprieties and the appearance of impropriety may be strictly avoided. Yet in this case, the record discloses that the defendant's legal secretary acted also as secretary to the clerk of the court, received the latter's

mail, and answered the inquiries of district court litigants, as well as attending to the paper work of both the court and the defendant's law office.

In both of the civil cases with which this proceeding is concerned, it appeared that the defendant's secretary undertook to assist litigants in the district court by preparing and filing pro se pleadings, although according to the findings of the referee this was without the prior knowledge of the defendant in each instance. This was an undesirable practice, which called for correction by the defendant in his official capacity. While no loss of rights was found to have resulted to any litigant affected, and it was found that the justice disqualified himself from sitting in one of the two cases, and that there was no impropriety on the part of the court in either case, the need to eliminate the risk of recurrence was apparent.

Of the two juvenile cases, one presented an issue of the propriety of custody ordered pending a hearing, the other an issue of failure to observe in 1970 procedures mandated by the 1967 decision of *In re Gault,* 387 U.S. 1, 42-57, 18 L. Ed. 2d 527, 554-62, 87 S. Ct. 1428, 1451-59 (1967). In the first, it was found that the court sought to provide protective rather than punitive custody, and in the second, in which the juvenile had counsel, it was found that the juvenile was not deprived of an opportunity to present a real and meaningful defense, even though preliminary procedures were conducted in disregard of *In re Gault supra.*

The evidence concerning the three criminal cases presented conflicting testimony, upon which the findings were in the defendant's favor. The plaintiff has withdrawn his objections as to two, which were distinguished in large part by evidence of personality clashes between court and counsel, in one instance a former associate in the defendant's law practice. The third case was concerned solely with the alleged conduct of the defendant with respect to a statement given to police by a respondent charged with an offense beyond the district court's jurisdiction, the statement having been given following a conversation relating to bail between the offender and the defendant in a chance encounter in the town office building.

The evidence in support of the petition is not so conclusive as to require findings contrary to those of the referee on any count. The report of the referee is accepted.

As a result this court once again faces the question of whether in the exercise of its supervisory power it should order a suspension of the defendant's authority and duties as a district judge. RSA 490:4 (Supp. 1972); *In re Mussman,* 112 N.H. 99, 103, 289 A.2d 403, 406 (1972).

The defendant must be aware, as this court is, of his anomalous position as an attorney suspended from the practice of law but sitting as a justice of one of our courts. Counsel in good standing at the bar who have occasion to appear before his court must find this contretemps embarassing if not insupportable. More importantly, we think that litigants and the public have a right to a court free from the shadow of unfitness. "It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." N.H. CONST. pt. I, art. 35.

The defendant's conduct as a lawyer was found "unethical [and] highly prejudicial to the administration of justice."*Mussman's Case,* 111 N.H. 402, 412, 286 A.2d 614, 620 (1971). He was suspended from the practice of law for the protection of the public and maintenance of public confidence in the bar as a whole. *Id.* The maintenance of confidence in the courts is no less important. If the defendant is not entitled to confidence in his integrity as a lawyer, surely public confidence in him as a judge is unwarranted. *In re DeSaulnier,* 279 N.E.2d 296, 309 (Mass. 1972). In the interest of preserving the integrity and impartiality of the judiciary, we conclude that justice requires that the defendant should not continue to sit as justice of the Littleton court.

It is ordered that the defendant is suspended from sitting as a justice of the Littleton District Court so long as he is under suspension from the practice of law in this State and until further order of this court.

*So ordered.*