Hillsborough
No. 6468

COUNTY OF HILLSBOROUGH v. ARMAND A. BEAULIEU & a.

February 28, 1973

*James A. Connor,* county attorney, by brief and orally, for the plaintiff.

*Leonard, Prunier & Mazerolle (Mr. Richard W. Leonard* orally) for the defendants.

DUNCAN, J. This action was brought on behalf of the county of Hillsborough by the county attorney, seeking removal from office of County Commissioner Armand A. Beaulieu of Nashua "for official misconduct" (RSA 64:7); and in the alternative seeking to have his office declared vacant because of "manifest hazard to the public interest." RSA 64:8. The petition was heard without a jury by *Mullavey,* J. The court made findings and rulings in writing, which included a ruling that the conduct of the defendant "though not acceptable by the strict standards of honesty was not of such a character or magnitude that the Court should order removal or declare a vacancy in the office." The question of constitutionality of the removal statute (RSA 64:7) was reserved and transferred by the presiding justice, together with questions of law presented by the plaintiff's exceptions.

RSA 64:7 succinctly provides: "Removal by Court. Any officer of a county may be removed from office by the superior court for official misconduct." *See Redlon Co. v. Corporation,* 91 N.H. 502, 506, 23 A.2d 370, 374 (1941). The constitutionality of this provision has not been questioned in argument before this court, and no constitutional infirmities are apparent. *See Attorney-General v. Morin,* 93 N.H. 40, 35 A.2d 513 (1943); *Brown v. Grafton County,* 69 N.H. 130, 36 A. 874 (1896); *Opinion of the Justices,* 102 N.H. 195, 199, 152 A.2d 878, 881 (1959). A county commissioner is not a constitutional officer, and the office is subject to legislative control. N.H. CONST. pt. II, art. 5; *Opinion of the Justices,* 99 N.H. 540, 542, 114 A.2d 879, 880 (1955). Vacancies in county offices have traditionally been filled by appointment by the county court or its justices (RSA 64:9), and the power of removal for misconduct has existed unquestioned over the same period. In general, the power of removal from public office has been vested in the appointing authority. *See* RSA 4:1. We hold the statute constitutional.

The charges of official misconduct on the part of the defendant arose out of his activities in connection with certain construction or renovation work done in a house in Nashua

owned by the defendant Mrs. Louanna Lageaux who was then employed by the county as a welfare clerk following sixteen years of employment by the county as registered nurse.

In early December 1971, arrangements had been made by the defendant for extensive renovation work to be done in the Nashua superior courthouse by three inmates of the county house of correction. The inmates were so engaged for a period of "three to four weeks" in December 1971, and on one day in January 1972. They were housed in a Nashua boarding house during the period in question, working at the courthouse during the week, and spending nights and weekends under the supervision of the defendant commissioner and John M. Bednar, a county representative and then county work release supervisor. *See* RSA 607:14-a (Supp. 1972). During this same period, they worked for two or more days, outside of their working hours at the courthouse, in installing a partition in Mrs. Lageaux' house. There was evidence that they requested to be allowed to do so, in preference to spending their time confined to the Nashua boarding house.

There was also evidence that another inmate by the name of Veilleux was transported to Nashua while the work was going on at the courthouse, for the purpose of determining what plumbing would need to be done at Mrs. Lageaux' house. He was later released from the house of correction, and was employed for a few days in doing some plumbing work at the house, until Mrs. Lageaux objected because of his drinking on the premises. Veilleux disputed testimony concerning payment for his work, and it appeared that after he was discharged he had complained that certain of his tools were missing, and two pipe wrenches belonging to the county were given to him on instructions from the defendant. There was evidence that county tools were taken to the Lageaux house and returned, and that certain pieces of soil pipe were also taken to the house from the county storeroom. It could be found that the value of any materials belonging to the county and of the use of any of its equipment used at the Lageaux house was minimal. The three inmates employed there were not paid for their work, although it

could be found that they received some minor compensation for work done at the courthouse. There was evidence that the courthouse renovation effected savings of thousands of dollars to the county.

The disposition of the plaintiff's exceptions in this case is governed by principles set forth in *Quinn v. Concord,* 108 N.H. 242, 233 A.2d 106 (1967). In that case, a city ordinance authorized the board of aldermen to remove the mayor or one of its own members for various causes, including "misconduct in office." The language of the ordinance, "The board of aldermen *may* ... remove", did not differ from that of RSA 64:7: "Any officer of a county *may* be removed ...." The holding of the case was expressed thus: "Whether or not misconduct is 'such misconduct' as to justify removal is therefore left to the aldermen and this court will not disturb their finding ...." 108 N.H. at 247-48, 233 A.2d at 110. By the same token, the findings and rulings of the superior court in the case before us will not be disturbed since they could reasonably be made upon the evidence.

The fact that the defendant's term of office expired after the case was argued in this court did not render the proceedings moot. We may take judicial notice of the fact that he has been reelected to the same position. The issue of whether his reelection would bar his removal because of misconduct during a prior term, a question upon which authority is divided (Annot., 42 A.L.R.3d 691 (1972)) need not be decided in view of the disposition previously stated.

*Exceptions overruled; remanded.*

KENISON, C. J. and GRIFFITH, J., did not sit; the others concurred.