Grafton
No. 6628

*In re* HERBERT W. ASH

October 31, 1973

*N. George Papademas,* special county attorney, by brief and orally, for the plaintiff.

*Murphy & Deachman* and *David S. Osman (Mr. Osman* orally) for the defendant.

KENISON, C. J. Petition, by the Grafton County attorney, requesting the superior court to remove the defendant, Herbert W. Ash, as sheriff of Grafton County, declare a vacancy, and appoint a commissioner to perform the duties of that office under the authority of RSA 64:7-9. The petition alleges that on or about August 8, 1972, the county attorney issued an order to the police chief of Canaan, New Hampshire to inform the officials of the Canaan Fair that the gambling of money to win money, as distinguished from gambling of money to win nonmonetary prizes, would be prohibited at the fair and that those persons violating the order would be arrested; that on August 10, 1972, after the fair had commenced, a representative of the fair called the defendant and requested permission to conduct gambling for money wagers; that the defendant improperly authorized such gambling, advised the police chief to permit gambling unless serious complaints were received and assured him that the matter would be reviewed with the county attorney. The petition further alleges that gambling of this type was conducted at the fair in violation of the criminal laws of the State, and that since the defendant was bound to prevent such activity, he should be removed from office for misconduct for countermanding the county attorney's instructions.

In advance of trial, the defendant denied the charges made and moved the court to dismiss the petition for failure to state a cause of action. *Loughlin,* J., reserved and transferred without ruling questions of law related to the defendant's motion, together with a question raised on the court's motion of whether a single justice of the superior court or the court

as a body had jurisdiction to hear a petition for removal under RSA 64:7.

The question concerning the jurisdiction of the superior court can be disposed of as a preliminary matter. RSA 64:7 states that "[a]ny officer of a county may be removed from office by the superior court for official misconduct." Prior to 1971, the definition of the term superior court under RSA 491:1 contained a provision that "each [justice] shall exercise the powers of the court *unless otherwise provided*" (emphasis added). This language was modified by Laws 1971, 456:7 to read "justices" instead of "each", but the meaning of the provision is the same. An example of a statute that does otherwise provide is RSA 64:9 which states that "[i]n case of any vacancy in any county office, the superior court, *acting as a body,* shall appoint a commissioner to perform the duties of the office . . . ." (emphasis added). Accordingly, the natural construction of RSA 64:7 allows a single justice of the superior court to hear a petition for removal, and we so hold. This conclusion is buttressed by the fact that in 1913 the legislature revised the predecessor to RSA 64:9, which merely referred to the superior court, to include the phrase "as a body" while leaving untouched the other statutes relating to removal. *See* Laws 1913, 130:2.

The principal issue in this case is whether the defendant's action in countermanding the county attorney's order which allegedly resulted in the gambling of money for money at the county fair is misconduct within the meaning of RSA 64:7. The word "misconduct" has been variously defined by the courts, *Quinn v. Concord,* 108 N.H. 242, 247, 233 A.2d 106, 109 (1967), and seems to differ in content according to the context in which it is used. *Id.; Tortolano v. Town Council,* 91 R.I. 484, 486, 165 A.2d 508, 509 (1960); *see, e.g., Bunte v. Mayor of Boston,* 278 N.E.2d 709 (Mass. 1972); *State v. Fletchall,* 412 S.W.2d 423 (Mo. Sup. Ct. 1967). Although we have not in previous cases attempted to give misconduct a precise definition under this statute, we have suggested standards by which the word may be interpreted.

In *Quinn v. Concord,* 108 N.H. 242, 233 A.2d 106 (1967), we upheld the removal of a mayor from office by the board of aldermen under the charter of the city of Concord (Laws

1957, 429:13) for his attempt to use a police officer to execute a personal vendetta against the editor of a newspaper and, on the failure of the attempt, for his instruction to the officer to file a false report. Because the charter provided various grounds for removal in addition to misconduct in office, we distinguished between "a petty abuse of power" and misconduct and held that the instruction to file a false report amounted to misconduct in office in that it "'constituted the doing of an act which ought not to be done, was without authority and tended to hinder, hamper and render ineffective law enforcement by duly constituted authority.'"*Id.* at 247, 233 A.2d at 110 (quoting *Matter of Sausbier v. Wheeler,* 276 N.Y. 246, 251, 11 N.E.2d 897, 899 (1937)). And in *Hillsborough v. Beaulieu,* 113 N.H. 69, 302 A.2d 110 (1973), we sustained the trial court in his findings that a county commissioner's act in permitting the use of county tools, materials of minimal value and inmates of a house of correction for the renovation of a privately-owned house did not constitute misconduct within the meaning of RSA 64:7 and thus implied that statutory misconduct did not encompass minor acts of official malfeasance.

The thrust of these decisions is that the term "misconduct" in the context of RSA 64:7 requires greater wrongdoing than ordinary misjudgment. *See* 2 W. Anderson, Sheriffs, Constables and Coroners §736 (1941). This interpretation is supported by the statutory scheme by which the removal of a county official and the filling of the vacancy are effectuated. It is significant to note that under RSA 64:8 the court may declare an office vacant and appoint a commissioner pursuant to RSA 64:9 "[i]f any person chosen or appointed to either of such offices declines to accept, removes from the county, resigns, dies or becomes insane, or *when there is manifest hazard to the public interest"* (emphasis added). Only the latter category would seem to apply to removal for misconduct under RSA 64:7. The clear implication arising from this scheme is that more than a minor impropriety is required before the remedy of removal will be exercised. Inherent in this standard is the view that the public interest in the efficient operation of government is better served by not removing an official from office for every peccadillo.

In view of this standard, we cannot say that the defendant's alleged actions amounted to misconduct within the meaning of the removal statute. The sheriff is a constitutional officer under N.H. Const. pt. II, art. 71, and is vested with a common-law duty to apprehend persons in violation of the criminal laws of the State. 1 W. Anderson, Sheriffs, Constables and Coroners §§ 6, 42-44 (1941); *see* RSA 104:6. The county attorney, also a constitutional officer under the same provision, is regarded as a deputy of the attorney general, *see Wyman v. Danais,* 101 N.H. 487, 490, 147 A.2d 116, 118 (1958), and has a duty to prosecute those persons who are in violation of the law. *See* RSA 7:6 and 7:34; *New Hampshire Bar Ass'n v. Labelle,* 109 N.H. 184, 185, 246 A.2d 826 (1968). Since RSA 7:11 recognizes prosecutorial discretion in the attorney general and subjects all law enforcement personnel to his control, *see Wyman v. Danais supra,* it is reasonable to conclude that the county attorney as his deputy has authority over the sheriff. The same is true concerning the relationship between the county attorney and local police in that the latter as law enforcement personnel receive their authority by virtue of State law. *See* RSA 105:3. Thus, both the sheriff and the local police have a duty to act in accordance with the county attorney's concept of law enforcement. *See generally* Goldstein, *Police Discretion not to Invoke the Criminal Process: Low-Visibility Decisions in the Administration of Justice,* 69 Yale L.J. 543, 555 n.20 (1960); LaFave, *The Police and Nonenforcement of the Law,* 1962 Wis. L. Rev. 104, 112-18, 180-88 (1962).

It is apparent from the petition that the county attorney intended only partial enforcement of the gambling laws of the State, RSA 577:6-8, by ordering the local police to prohibit only the gambling of money to win money. Whether or not this order was a proper exercise of prosecutorial discretion, if in fact the defendant failed to enforce the county attorney's instruction by authorizing the prohibited activity and suggesting that the police chief comply with it only if "serious complaints" arose, we are not persuaded that this would amount to official misconduct within the meaning of RSA 64:7. Although the statute prohibits both forms of gambling at the fair, we think that the sheriff's reluctance to distinguish

between fine shades of gambling is not a sufficiently flagrant abuse of authority to provide grounds for removal. Furthermore, the defendant cannot be held legally responsible for his advice to the police chief because there is no statutory or common-law authority which places the county sheriff in a supervisory position over the local police.

Accordingly, we do not find it necessary to reach the issue of whether the sheriff's subsequent reelection makes the issues herein moot.

*Case dismissed.*

All concurred.