Strafford
No. 6757

RICHARD P. GREEN & *a.* v. JOHN SHAW & *a.*

April 30, 1974

*Boynton, Waldron, Dill & Aeschliman* and *Charles B. Doleac* *(Mr. Richard E. Dill* and *Mr. Doleac* orally) for the plaintiffs.

*Joseph P. Nadeau,* by brief and orally, for the defendants.

GRIFFITH, J. This is an appeal from the granting of defendants' motion to dismiss plaintiffs' bill in equity brought against Mayor John Shaw and certain other officials of the city of Rochester. The Trial Court (*Mullavey,* J.) reserved and transferred the plaintiffs' exceptions.

Plaintiffs brought their petition initially as nine members of the city council and as taxpayers of the city of Rochester. Subsequent to the bringing of this action six of the nine councilors ceased to be members of the city council so that their position as plaintiffs rests on their taxpayer status. It also appears that Mayor Shaw has been reelected and that some of plaintiffs' allegations may now be moot because of actions of the new council.

Plaintiffs allege generally that the mayor and certain

other city officials have engaged and continue to engage in certain illegal acts to the detriment of the plaintiffs and the city of Rochester. The acts alleged are as follows: unlawful expenditures of city money from the "revenue surplus" account without the required approval of the city council; unlawful expenditures of city money for the rewiring of the city hall, purchase of a truck, police cruiser, and police uniforms; extension of town water pipes; voter re-registration; streetlights and the purchase of land for a school; disregard by the mayor of city council votes; misrepresentation of the result of a vote by the city council; improper procedures in submitting budgets to the council; failure to close the prior year's books on time; failure to pay counsel hired by the council for which money had been appropriated; improper appointment of a city solicitor; improper appointment of individuals to record minutes of council meetings; failure to follow the statutory procedures for maintaining standing committees in various areas of city management; failure to provide adequate financial reports on prior year's expenditures in either 1972 and 1973; failure to follow prescribed statutory bid procedures and obtain council approval prior to awarding a contract; and walking out of council meetings when discussions are not to the mayor's liking.

Plaintiffs allege nearly a dozen violations of state statutes, city ordinances, and the city charter by the defendants. They seek restitution, rescission, temporary and/or permanent injunctive relief, a declaratory judgment giving the city council power to remove the mayor, full disclosure of past expenditures for prior years, personal liability of the mayor, mandamus and such other and further relief as justice may require. Such diffuse and prolix pleadings are not to be recommended. *Morency v. Plourde,* 96 N.H. 344, 76 A.2d 791 (1950).

It is well settled in this State that plaintiffs, as taxpayers, have standing to seek redress for the unlawful acts of their public officials. *O'Neil v. Thomson,* 114 N.H. 155, 316 A.2d 168 (1974); *N.H. &c. Beverage Ass'n v. Commission,* 100 N.H. 5, 6, 116 A.2d 885, 886 (1955); *Blood v. Electric Company,* 68 N.H. 340, 39 A. 335 (1895); *see*

Annot., 20 L. Ed. 2d 1671 (1968). This right of taxpayers to maintain an equity action for relief is not dependent upon a showing that the illegal acts "result in financial loss to the town" (*Clapp v. Jaffrey,* 97 N.H. 456, 461, 91 A.2d 464, 467 (1952)), since every taxpayer "has a vital interest in and a right to the preservation of an orderly and lawful government regardless of whether his purse is immediately touched." *Id.*

The motion to dismiss was granted by the trial court on the pleadings alone. "The issue is whether, as a matter of law, the motion to dismiss should be granted. In determining this, we treat all facts properly pleaded by the plaintiff and the reasonable inferences therefrom as true and construe them most favorably to her." *Aldrich v. Beauregard & Sons,* 105 N.H. 330, 331, 200 A.2d 14, 15 (1964); *Jones v. Chase,* 110 N.H. 406, 407-08, 270 A.2d 102, 103-04 (1970).

Examining plaintiffs' petition to determine whether plaintiffs would be entitled to invoke the aid of equity upon any statement of facts findable under the pleadings, we conclude that the motion to dismiss should not have been granted. However, the sustaining of plaintiffs' exception to the granting of the motion to dismiss does not stand for the proposition that all of plaintiffs' allegations entitle them to equitable relief. The acts of the newly elected mayor and council may by ratification have rendered moot some of the alleged unauthorized actions of defendants. We have been informed by counsel, for example, that subsequent to the argument of this case the city council has ratified the unauthorized land purchase of the mayor.

Complaints against the mayor relating to his appointments, favoritism, walking out of council meetings and others of a like character may well fall within his discretionary powers or constitute "minor acts of official malfeasance" as not to necessarily warrant the intervention of the court. *See In re Ash,* 113 N.H. 583, 586, 311 A.2d 304, 306 (1973); *Hillsborough v. Beaulieu,* 113 N.H. 69, 302 A.2d 110 (1973); *Quinn v. Concord,* 108 N.H. 242, 247, 233 A.2d 106, 110 (1967).

The prayer asking for removal of the mayor by the court or in the alternative a declaratory judgment that the city council has the inherent power to remove the mayor for malfeasance must be rejected. The reelection of the mayor subsequent to the bringing of this petition and the availability of legislative provisions for the removal of a mayor indicate no necessity for court intervention. *See* RSA 49-A:18; *Quinn v. Concord,* 108 N.H. 242, 233 A.2d 106 (1967).

There remain however serious allegations which should be determined by a hearing on the merits. To the extent that the defendants may be shown to have expended public funds without authority, have failed to carry out ministerial duties mandated by statute or ordinances and threaten to act contrary to law in the future, plaintiffs may be entitled to the intervention of a court of equity. These allegations cannot be dismissed on the ground that they involve purely political questions. *O'Neil v. Thomson,* 114 N.H. 155, 316 A.2d 168 (1974). "It is the policy of the law to subject all persons acting in a trust capacity to the control of the court . . .; and the law makes no distinction in this respect between public and private trustees." *Sherburne v. Portsmouth,* 72 N.H. 539, 542, 58 A. 38, 40 (1904); *State v. Kimball,* 96 N.H. 377, 77 A.2d 115 (1950).

*Plaintiffs' exceptions sustained; remanded.*

All concurred.