Grafton
No. 7054

JOHN B. EAMES, GRAFTON COUNTY ATTORNEY

v.

WARREN B. RUDMAN, ATTORNEY GENERAL

February 28, 1975

*John B. Eames,* by brief and orally, pro se.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the defendant.

GRIMES, J. The issue to be decided is whether the attorney general has authority to temporarily suspend the county attorney from exercising his criminal law enforcement authority because the county attorney has been arrested and charged with exhibiting certain allegedly obscene films. We hold that he has.

The facts are these. On June 28, 1974, the plaintiff, John B. Eames, was charged with two misdemeanors for exhibiting two allegedly obscene movies, "Deep Throat" and "The Devil In Miss Jones", contrary to RSA 650:2 III (Supp. 1973). Three days later, on July 1, 1974, the plaintiff was also charged with two additional misdemeanors under the same statute, alleging separate and distinct violations on that date for exhibiting the same motion pictures. On the next day, the attorney general notified the plaintiff that because of the pending charges against him, he should not: "(a) initiate criminal complaints; (b) nol pros any existing com-

plaints; (c) present any evidence to grand juries; (d) try any case in behalf of the State of New Hampshire, including Grafton County, in municipal, district or superior courts; and (e) give any advice, formal or informal, to any law enforcement agencies . . . until further notice."

Thereafter, on July 10, 1974, the plaintiff filed a petition for injunction in the Grafton County Superior Court seeking to enjoin the attorney general's actions. The petition was denied on July 11, 1974, after a hearing. Plaintiff's exceptions were transferred by *Johnson,* J.

Subsequently on July 23, 1974, a trial was held on the obscenity charges in Bethlehem Municipal Court and plaintiff was found guilty on all four counts. He appealed for trial de novo to the Grafton County Superior Court where, following an approximately two-and-a-half-week trial, he was acquitted on October 22, 1974, of two of the four charges but on the two other charges the jury disagreed. We are informed that these latter two counts will be retried. Since the trial, the plaintiff was reelected as Grafton County attorney for another two-year term which commenced on January 1, 1975. Both parties have treated the July 2, 1974 order as still in effect. The power and authority of the respective offices are not affected by the plaintiff's reelection. *See Commonwealth v. Kozlowsky,* 238 Mass. 379, 131 N.E. 207 (1921).

RSA 7:6 provides that the attorney general shall prosecute all crimes punishable by death or imprisonment for life or twenty-five years or more. It then states that he "shall have and exercise general supervision of the criminal causes pending in the supreme and superior courts of the state, and with the aid of the county attorneys of the several counties he shall enforce the criminal laws of the state." RSA 7:11 provides that officers in the enforcement of the criminal law "shall be subject to the control of the attorney-general whenever in the discretion of the latter he shall see fit to exercise the same." RSA 7:34 states that "[t]he county attorney of each county shall be under the direction of the attorney-general . . . ." County attorneys have been considered to be deputies of the attorney general so far as local criminal proceedings are concerned. *Fletcher v. County,* 71 N.H. 96, 101, 51 A. 271, 272 (1901).

In addition, the attorney general has been held to have broad common law powers. *Wyman v. Danais,* 101 N.H. 487, 147 A.2d 116 (1958); *Lund ex rel. Wilbur v. Pratt,* 308 A.2d 554 (Me. 1973); *State ex rel. Derryberry v. Kerr-McGee Corp.,* 516 P.2d 813 (Okla. 1973).

This power has been held to include the authority to intervene and supersede the county attorney. *Commonwealth v. Kozlowsky supra; see* Note, *Appointed Attorney General's Powers to Supersede an Elected District Attorney,* 33 Temp. L.Q. 78 (1959); Note, *The Common Law Power of State Attorneys-General to Supersede Local Prosecutors,* 60 Yale L.J. 559 (1951). As was stated in *Wyman v. Danais supra,* it is "clear that the attorney-general is the paramount authority if there is a conflict between him and the prosecuting attorney . . . ." Exigent circumstances such as the complaints against the county attorney as in this case make it inadvisable to allow him to continue to exercise his law enforcement duties while such charges are pending.

We recognize, as does the attorney general, that he has no power to remove the county attorney from office. This power is vested in the superior court by RSA 64:7. However, suspension from the performance of certain duties of an office is not removal *(See In re Mussman,* 112 N.H. 99, 289 A.2d 403 (1972); 113 N.H. 54, 302 A.2d 822 (1973)), and the necessity of protecting the integrity of the prosecution function and "maintaining public confidence in the administration of justice" may require action short of removal from office. *Id.* at 102, 289 A.2d at 405.

We hold that the temporary suspension of the county attorney from the exercise of his law enforcement duties while criminal charges are pending against him falls within both the statutory and common law powers of the attorney general and that there will be no abuse of discretion if the pending charges are promptly tried. The denial of injunctive relief by the trial court was therefore proper.

*Exceptions overruled; petition dismissed.*

All concurred.