Original
No. 7430

APPLICATION OF LEONARD APPELL

June 30, 1976

*Stanley, Tardif & Shapiro (Mr. R. Peter Shapiro* orally) for the applicant.

*Donald W. Stever, Jr.,* assistant attorney general, by brief and orally, opposed.

PER CURIAM. The applicant Leonard Appell sought admission to the bar of New Hampshire following the report of the board of bar examiners to this court on September 3, 1975, that Appell was among those who received a passing rank in the July 1975 examinations for admission to the bar. Following receipt of several written objections to his admission to the bar, the applicant was notified thereof and furnished copies. Thereafter counsel for the applicant advised the court that complaints which prompted certain objections had been satisfied, and on December 30, 1975, sought admission of the applicant to the bar.

By order dated January 26, 1976, *Griffith,* J., was appointed to hear the interested parties. Following hearing on February 5, 1976, the single justice reported his finding and recommendations to the court on April 8, 1976. The report recommended that admission of Appell to the bar be denied "at this time" with permission to reapply two years from the date of the report. Arguments on the report were heard at the June 1976 session of the court.

The record discloses that the applicant, age 37, was graduated from Boston University, and obtained his law degree from Suffolk University Law School in 1972, following a four-year course.

In 1972, and succeeding years, he was unsuccessful in passing the New Hampshire bar examinations, until 1975. During that period he was engaged in the construction business in New Hampshire, and in other business activities both in New Hampshire and Massachusetts. The report of the single justice contained findings concerning the applicant's difficulties in business practices during this period. It found the applicant "qualified as competent to practice law" but concluded that his "violations of various statutes and regulations indicate at best a careless failure to determine the legality of his actions and at worst an arrogant disregard of the law." The justice was "unable to find on the basis of [the applicant's] actions that he possesses the high character required of members of the bar" and recommended that he be denied admission to the bar at this time "but that he be permitted to apply again two years from the date of this report" (April 8, 1976).

It is settled law that the burden of establishing his fitness to practice law rests upon the applicant. *Hallinan v. Committee of Bar Examiners,* 65 Cal. 2d 447, 421 P.2d 76 (1966); *see Konigsberg v. State Bar,* 353 U.S. 252, 264 (1957). In this respect the case differs from the disciplinary proceedings against established lawyers upon which the applicant relies, where the burden of proof falls upon the accuser. *Spears v. State Bar,* 211 Cal. 183, 294 P. 697 (1930); Annot., 64 A.L.R.2d 301 (1959). The statute (RSA 311:2 (Supp. 1975)) requires that the applicant be "of good moral character and suitable qualifications". Irresponsible conduct and unethical or questionable business practices have been held to constitute a proper basis for denial of admission to the bar. *Application of Feingold,* 296 A.2d 492 (Me. 1972); *O'Brien's Petition,* 79 Conn. 46, 63 A. 777 (1906). A lack of "the ingrained sense of moral judgment so necessary to advise and counsel others" may be decisive. *Application of Walker,* 112 Ariz. 134, 539 P.2d 891 (1975); *see Law Students Research Council v. Wadmond,* 401 U.S. 154 (1971). While the applicant's diligence since September 3, 1975, in settling numerous obligations and pending actions against him may be commendable, it does not compel a finding of good character or expunge the recent past.

Taking the record as a whole we conclude that the applicant has not sustained his burden of proving that he is "of good moral character and suitable qualifications", so as to be eligible for admission to the practice of law. RSA 311:2 (Supp. 1975). We adopt the recommendation of the single justice that the applicant may

be permitted on or after April 8, 1978 to reapply for admission to the bar. The order on his pending application is

*Application denied.*

GRIFFITH, J., did not sit.