Original
No. 7295

## Mack M. Mussman's Case

September 30, 1976

*Walter D. Hinkley,* by brief and orally, for Mack M. Mussman.

*Thomas H. Richards,* bar counsel, by brief and orally, for New Hampshire Bar Association.

*Robert A. Raulerson,* member, Committee on Professional Conduct, by brief and orally, pro se.

PER CURIAM. By order of this court dated December 30, 1971, the plaintiff herein, who became a member of the bar of this State in 1937, was suspended from the practice of law for an indefinite period commencing January 31, 1972, to continue until further order of this court. *Mussman's Case,* 111 N.H. 402, 286 A.2d 614 (1971). It was further ordered that no motion or request to terminate such suspension should be filed before three years from the effective date. *Id.* at 412, 286 A.2d at 620. By the pending petition, filed on August 7, 1975, the plaintiff seeks termination of this order of suspension, and his reinstatement as a practicing member of the bar,

The reasons for the orders for plaintiff's suspension appear from the cited opinion and need not be recounted here. It may suffice to recall that he had been found to have engaged in conduct which was unethical, highly prejudicial to the administration of justice, and which reflected drastically upon his fitness to practice law. *Id.* at 411-12, 286 A.2d at 620. These are important considerations upon the disposition of the pending petition.

In March 1972, this court determined that a petition for inquiry into this plaintiff's conduct as justice of the Littleton District Court would be entertained by the court. *In re Mussman,* 112 N.H. 99, 289 A.2d 403 (1972). As a result, in February 1973 the plaintiff herein was suspended from sitting as justice "so long as he is under suspension from the practice of law in this state and until further order of this court". *In re Mussman,* 113 N.H. 54, 57, 302 A.2d 822, 824 (1973). No termination of this order has been sought in the pending case, but its continuation depends upon the action taken herein, and it forms a part of the background against which we are asked to act.

On June 25, 1975, effective July 25, 1975, the court adopted rules relating to grievance procedures governing disciplinary procedures. *In re Proposed Rules Relating to Grievance Procedures,* 115 N.H. 310, 341 A.2d 272 (1975); RSA 490: App. R. 26 (Supp. 1975). Pursuant to these rules the pending petition was referred to the committee on professional conduct and by it to a hearing panel of three members. The panel conducted hearings in December 1975 at which the plaintiff was represented by counsel, and the association by bar counsel.

The hearing panel submitted its findings and conclusions to the

full committee and the latter, on motion of the plaintiff that certain of its members be disqualified from voting on the petition, granted the motion without ruling upon its merits in order to assure the plaintiff of impartiality. The members of the committee who then acted upon the panel report were equally divided upon the question of adopting the report of the panel that the panel found "no reason to oppose" the petition for reinstatement. The committee was also equally divided upon the question of accepting the panel's findings of fact but rejecting its conclusions and finding that the plaintiff had not sustained his burden of proof under rule 13-B of the rules relating to grievance procedures. That rule provides that "the respondent-attorney shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest." *In re Proposed Rules Relating to Grievance Procedures,* 115 N.H. 310, 323, 341 A.2d 272, 280 (1975).

The petition thus reaches this court without the benefit of any decisive recommendation by the plaintiff's peers. After review of the record, we accept the hearing panel's findings of fact that there is no evidence that the plaintiff violated the order of suspension by practicing law after its effective date; that there was no impropriety in his action on behalf of a Mr. Crosby of Washington, D.C., or with respect to the deposit of trust funds in the Littleton Bank of which the plaintiff was president; and that no acts of fraud or dishonesty during the period of suspension or additional such acts prior to this court's 1971 order have been established or shown.

However, other findings of the hearing panel, which we also accept, are unfavorable to the possibility of the plaintiff's reinstatement. The panel found that "Mr. Mussman does not accept responsibility for the acts which led to his suspension. In his testimony before the Panel he put the blame for those acts upon his clients, and did not accept any blame himself." In this connection we do not ignore the plaintiff's testimony before the panel that he regretted that he ever allowed himself "to be placed in the position that [he] was placed [and] . . . . [i]t will never happen again . . . ."

Other findings by the panel reflect the plaintiff's lack of regard

for the significance of the order of suspension. It found that after the suspension Mr. Mussman "continued to occupy the same office that he had occupied previously.... [B]oth [Mr. Mussman and Mr. Shepatin] occupied the same suite of offices with a common reception area and a common hallway within the office suite serving both Mr. Mussman's office and Mr. Shepatin's office.... The physical arrangement of these offices ... has continued unchanged to the present time. The Panel feels that Mr. Mussman and Mr. Shepatin exercised poor judgment in continuing this physical arrangement of offices, sharing of facilities and personnel after the suspension, and that this relationship may have misled some members of the public and some attorneys to believe that Mr. Mussman was in fact continuing to practice law."

In response to requests by bar counsel the panel also found that immediately after his suspension the plaintiff put up signs and held himself out as a marital [relations] counselor and tax consultant; that the only physical change in his law office was a removal of the attorney's sign from the door, but that the sign "Mack Mussman, Lawyer" on the window was in fact not removed until after August 20, 1972; that the plaintiff "did not notify any of his clients of his suspension and did not file any withdrawal slips in any action then pending in any Court on behalf of any client"; and that the plaintiff's "entire practice was assumed and taken over by his former partner and nephew, David B. Shepatin, without notice or request to his former clients."

The plaintiff's conduct by thus contriving to maintain the appearance of business as usual, with little affirmative action to withdraw from his practice, demonstrates a lack of recognition of the significance of the suspension imposed.

On the issues presented by rule 13-B the hearing panel, in response to bar counsel's request, found in part that "there is essentially no evidence of any change in his morality since the suspension. In particular he does not accept responsibility for the acts which the Court relied upon for the suspension." Although it denied counsel's requests for findings or rulings that the plaintiff's reinstatement would be detrimental to the integrity and standing of the bar and to the administration of justice, and would be subversive to the public interest, it took no action upon parallel requests to the effect that the plaintiff had failed to demonstrate "by clear and convincing evidence" that his reinstatement would not be thus detrimental and subversive to the public interest.

Taking the record before us as a whole it is our opinion that it

does not warrant reinstatement of the plaintiff to the practice of law. *See* ABA Special Committee on Evaluation of Disciplinary Enforcement Problems and Recommendations in Disciplinary Enforcement 152-55 (Final Draft, June 1970); *Application of Appell,* 116 N.H. 400, 359 A.2d 634 (1976). "The public and the bar of this state are entitled to be assured that the practice of law is a profession which demands that its members adhere to fiduciary standards of conduct . . . ." *Broderick's Case,* 104 N.H. 175, 179, 181 A.2d 647, 650 (1962). Those standards require "something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior." Cardozo, C.J., in *Meinhard v. Salmon,* 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928).

The order of the court entered on December 30, 1971, is continued in effect without limitation of time. The order on the pending petition is

*Petition denied.*