Rockingham
No. 79-249

BOARD OF FIRE ENGINEERS
TOWN OF NEWINGTON

v.

BOARD OF SELECTMEN *& a.*
TOWN OF NEWINGTON

January 31, 1980

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Raymond P. Blanchard* orally), for the plaintiff.

*Brown & Nixon* of Manchester (*Mark A. Abramson* orally), for the defendant.

GRIMES, C.J.   The issue before us is whether the trial court erred in determining that the Newington Board of Selectmen was the proper body to hear disciplinary proceedings brought against the chief of the fire department. We hold that there was no error.

In June of 1978, a citizens' petition was filed with the defendant board of selectmen seeking removal or discipline of the town fire chief, also a defendant herein. Before the selectmen took action, however, the Newington Board of Fire Engineers brought suit in Rockingham County Superior Court seeking, *inter alia,* a declaration that it was "the responsible Board for hearing said petition . . . ." The board of fire engineers is an elective body, created by ordinance, which exercises administrative supervision over the Newington Volunteer Fire Department. By an order dated November 8, 1978, the trial court ruled that the petition against the chief "be referred . . . to the Board of Fire Engineers for investigation and whatever action the Board of Fire Engineers deems appropriate pursuant to any statute or ordinance." The court conditioned the order with the proviso, however, that "[i]n the event the Board of Fire Engineers recommends removal of the Fire Chief, he shall be removed only for just cause and after a public hearing before the Board of Selectmen."

Thereafter, while the matter was pending before the board of fire engineers, on December 20, 1978, the chief brought a motion to enforce the order of the trial court. The chief alleged that the board of fire engineers had been intentionally dilatory in disposing of the petition lodged against him and he therefore sought an order requiring a prompt hearing. Following a hearing on January 4, 1979, the trial court ordered that the board of fire engineers "submit its recommendations regarding all charges lodged against" the chief to the board of selectmen within ten days. Additionally, the court affirmed its earlier ruling that removal could only be effected following a hearing before the selectmen. The board of fire engineers timely excepted to the January 4, 1979, order and moved for a rehearing, which motion was denied.

Pursuant to a hearing on the charges brought against the chief, held January 11, 1979, the board of fire engineers determined that two letters of reprimand and a suspension without pay for four months were warranted. On January 17, 1979, the chief petitioned the court for an order temporarily restraining the board of fire engineers from effectuating the suspension until a hearing could be held before the board of selectmen. By an order dated the same day, the court restrained the board of fire engineers from suspending the chief or taking any other action relative to removal, *temporary* or *permanent*, "until a decision is rendered by the Town of Newington Board of Selectmen after a hearing according to the Court's Order of January 4, 1979, and then only in accordance with any decision by said selectmen." On January 27, 1979, the board of fire engineers sought an injunction against the board of selectmen seeking to enjoin any hearing relative to the discipline of the chief. The motion for an injunction was denied by *Bean*, J., who reserved and transferred plaintiff's exceptions. Following a hearing in February 1979, all charges against the chief were dismissed by the board of selectmen.

The sole issue in this case is whether the board of fire engineers or the board of selectmen was the proper body to impose a disciplinary suspension upon the chief. The board of fire engineers is an elective body, created by a town ordinance enacted in 1957. Pursuant to the ordinance, the board of fire engineers possesses authority to appoint the town fire chief for "an indefinite period of time, and his tenure of office shall depend upon his good conduct and efficiency." Art. 2, sec. 2, Newington New Hampshire Volunteer Fire Department Ordinance of Organization, Procedures, Rights and Duties (1957). The ordinance further provides that "[t]he Chief shall be held accountable to the Board of Fire Engineers only. . . . " *Id.*, art. 3. This plenary grant of supervisory power, however, is expressly conditioned

by the language that the fire chief "shall be removed only for just cause and after a public hearing before the Board of Selectmen." *Id.*, art. 2.

Plaintiff construes this language as indicating an intent to vest power to impose any discipline short of permanent removal in the board of fire engineers, while reserving to the board of selectmen authority only for that final sanction. The trial court, on the other hand, taking the view that a four-month suspension was tantamount to a temporary removal, determined that such a sanction was withheld by the ordinance from the board of fire engineers. We conclude that the trial court correctly interpreted the Newington ordinance.

To begin with, we note that the board of fire engineers is itself a creature of the 1957 ordinance. There can be no doubt but that prior to its enactment the power to discipline the town fire chief in any manner lay with the board of selectmen. *See* RSA 154:5. Although the ordinance delegates to the board of fire engineers the authority to appoint a fire chief, it specifically withholds the power to remove. Thus the general rule that the power to remove is incident to the power to appoint, 63 AM. JUR. 2d, *Public Officers and Employees* § 179 (1972), is not applicable here. Absent any indication of a contrary intent, we share the view of the trial court that a suspension, being in the nature of a temporary removal, was not a sanction that the board of fire engineers was empowered to impose.

We find plaintiff's reliance on our earlier rulings in *Eames v. Rudman*, 115 N.H. 91, 333 A.2d 157 (1975) and *In re Mussman*, 112 N.H. 99, 289 A.2d 403 (1972) to be misplaced. There we sustained the authority of the attorney general and of this court to suspend from the performance of certain duties a county attorney and a judge of the district court, respectively. Although neither the attorney general or this court could exercise the power to remove the offending official, we determined that the preservation of the integrity of the judicial system warranted such a limited discipline. *In re Mussman supra* at 102, 289 A.2d at 405. In the instant case, the board of fire engineers did not seek merely to suspend the chief from the performance of certain duties, but rather from performance of any and all duties for four months without pay. We conclude that such a sanction is so sufficiently like a removal that, absent an express provision to the contrary, it may be imposed only by the board of selectmen. Accordingly, the order of the trial court is affirmed.

*Appeal dismissed.*

All concurred.