DAmour v. Burke                          CV-95-194-JD  04/18/97
          UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE

Michael A. D'Amour

        v.                              Civil No. 95-194-JD

William Burke, et al.


                         O R D E R


     The plaintiff, Michael D'Amour, brought this action under 42

U.S.C. § 1983 and under various state law theories, seeking

damages related to his detention prior to and during trial for a

crime he did not commit.  By order dated September 11, 1996, the

court dismissed the federal claims against defendants William

Burke, James Tucker, and the city of Portsmouth, declined to

exercise jurisdiction over the state law claims against these

defendants, and dismissed the federal conspiracy count against

Rockingham County.  Before the court is the motion for summary

judgment of Rockingham County on the plaintiff's remaining claims

(document no. 45).


                         Background

     The facts relevant to the instant dispute are set forth in

full in the court's September 11, 1996, order.  Relying on 42

U.S.C. § 1983, the plaintiff alleges that his rights to due

process and to be free of unreasonable seizure under the United

States Constitution were violated by (1) Rockingham County's policy of permitting criminal charges to remain pending despite the absence of probable cause; and (2) the county's failure to provide adequate training and supervision to assistant county attorneys[1] with regard to the handling and disclosure of exculpatory evidence and in the dismissal of complaints when probable cause no longer exists. The plaintiff also seeks to hold Rockingham County liable under the New Hampshire Constitution and under a variety of common-law theories.

## Discussion

Rockingham County asserts that summary judgment is warranted on the plaintiff's § 1983 claims because the county attorney's office is not a final policymaker with respect to prosecutorial decisions and thus is not subject to § 1983 liability therefor. It further contends that the plaintiff's general allegations concerning the county's failure to provide proper training and supervision to its assistant county attorneys are insufficient to form a basis for county liability.

The role of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to

---

[1]Assistant Rockingham County Attorney Brian Kenyon prosecuted the case against the plaintiff.

determine whether trial is actually required." Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir. 1992)). The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of establishing the lack of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992). The court must view the entire record in the light most favorable to the plaintiff, "'indulging all reasonable inferences in that party's favor.'" Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). However, once the defendant has submitted a properly supported motion for summary judgment, the plaintiff "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

A.    Maintenance of Charges Against the Plaintiff

A municipality is subject to liability under § 1983 only if its "polic[ies] or custom[s], whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," cause the deprivation of a federally protected right.  Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).  "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered," Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986), i.e., where the decisionmaker's decisions are "'final and unreviewable and are not constrained by the official policies of superior officials.'" St. Louis v. Eldredge, No. 95-178-B, slip op. at 3-4 (D.N.H. March 31, 1997) (quoting Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993)); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988) (plurality opinion) (whether decisions are final and thus official policy is a question of state law).

Judge Barbadoro recently considered the question of whether, under New Hampshire law, a county attorney's decision to prosecute a defendant is sufficiently "final" as to constitute the official policy of the county.  Relying on New Hampshire statutory and case law, Judge Barbadoro concluded that, with

4

regard to decisions concerning the commencement of criminal proceedings, "it is clear that the attorney general, and not individual county attorneys, [is] the final policymaking authority." St. Louis, 95-178-B, slip op. at 8; see N.H. Rev. Stat. Ann. ("RSA") § 7:34 (1988) ("The county attorney of each county shall be under the direction of the attorney general, and, in the absence of the latter, he shall perform all the duties of the attorney general's office for the county."); id. § 7:6 (Supp. 1996) ("The attorney general shall have and exercise general supervision of the criminal cases pending before the supreme and superior courts of the state, and with the aid of the county attorneys . . . shall enforce the criminal laws of the state."); id. § 7:11 (1988) (officers charged with enforcing criminal law "subject to the control of the attorney general whenever in the discretion of the latter he shall see fit to exercise the same"); Wyman v. Danais, 101 N.H. 487, 490, 147 A.2d 116, 118 (1958) (statutory scheme materially similar to one currently in place evinced "legislative purpose to place ultimate responsibility for criminal law enforcement in the Attorney General, and to give him the power to control, direct and supervise criminal law enforcement by the county attorneys in cases where he deems it in the public interest").

The court finds Judge Barbadoro's reasoning persuasive, and

considers it applicable not only to a county attorney's decision to commence a prosecution, but to the decision to terminate one. Because Rockingham County is not a final policymaking authority with respect to decisions to terminate prosecutions, the court grants summary judgment in favor of the county to the extent that the plaintiff § 1983 claim seeks recovery for permitting the charges against him to remain pending.[2]

B.  Failure to Train and/or Supervise

The plaintiff has neither responded to Rockingham County's assertion that the plaintiff's failure-to-train claims are conclusory in nature nor adduced any evidence suggesting that Rockingham County's training of assistant county attorneys was so inadequate as to constitute deliberate indifference to the plaintiff's rights and was the legal cause of the deprivation of his rights.  See generally Bordanaro v. McLeod, 871 F.2d 1151, 1158-63 (1st Cir. 1989).  Having failed to meet his burden at

---

[2]Because the plaintiff in St. Louis chose not to pursue his failure-to-train claim under § 1983, Judge Barbadoro did not reach the issue of whether county attorneys have final policymaking authority with respect to the supervision and training of assistant county attorneys.  See St. Louis, 95-178-B, slip op. at 9 n.1; see also Walker v. City of New York, 974 F.2d 293, 301 (2d Cir. 1992) (although state, not county, has final policymaking authority over decision to prosecute, district attorney is final policymaker for county with respect to training and supervision on Brady issues).

this stage of the proceedings, the plaintiff cannot survive summary judgment.

## Conclusion

Rockingham County's motion for summary judgment (document no. 45) is granted as to the plaintiff's claims under 42 U.S.C. § 1983. The court declines to exercise jurisdiction over the plaintiff's remaining claims. See 28 U.S.C.A. § 1367(c)(3) (West 1993). The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 18, 1997

cc:  Mark S. Gerreald, Esquire
     Brian T. Stern, Esquire

7